# Sanders *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Arrest of judgment; motion must be disposed of before sentence.*—In a criminal case, a motion in arrest of judgment must be made and disposed of by being denied or granted after the verdict and before the court proceeds to pronounce sentence against the accused.

2. *Organization of grand jury.*—In the organization of a grand jury, when the number of those appearing is, from any cause, reduced below fifteen, the court is authorized and required to make an order for the summons of twice the number of persons required to complete the jury (Code, § 5023); and when in the exercise of this power the court orders the sheriff "to summon from the qualified citizens of the county twice the number of competent and fit persons to complete the grand jury to sixteen in number," if under such order the sheriff summoned and there appeared, as recited in the record entry, three persons which was a sufficient number to complete the grand jury to sixteen, and such persons were made members of the grand jury, such grand jury is properly organized.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The appellant was indicted, tried and convicted for an assault with intent to murder, and was sentenced to the penitentiary for two years.

The record entry showing the organization of the grand jury which preferred the indictment against the defendant recited as follows: "The sheriff returned into open court the *venire facias* for the grand jury for

this term of the court, which said *venire facias* had previously been prepared and issued and delivered to said sheriff in all respects as provided and required by law, as having been properly executed upon all of the persons therein named, except A. A. Sanders and Morris King, who were not served, and the persons named in said *venire facias* being called the following named persons appeared and answered to their names, to-wit: [Here follows the names of sixteen persons.] The court then ordered the sheriff to summon from the qualified citizens of the county twice the number of competent and fit persons to complete the grand jury, to sixteen in number, thereupon under the order the sheriff summoned and there appeared in answer thereto the following named persons, to-wit: [Here follows the names of three persons] and they completed the grand jury to sixteen being qualified. The following named persons were then duly impannelled, sworn and charged as said grand jury, to-wit: [Here follows the names of three persons. Then the names of sixteen persons, including those which were answered in response to the summons of the sheriff under the order of the court for the completion of the venire.]"

Judgment of conviction was rendered on January 29, 1900. On February 2, 1900, the defendant made a motion in arrest of judgment upon the ground that the grand jury which preferred the indictment in this case was not organized in compliance with the law, in that in the organization of said grand jury only sixteen persons summoned to serve thereon appeared in answer to their names, and three of the sixteen so appearing were excused by the court from serving on said grand jury, thereby reducing the number below fifteen, and that "the court failed to make an order commanding the sheriff to summon from the qualified citizens of the county twice the number of persons required to complete said grand jury, and have the same entered on the minutes of the court; that instead of the sheriff summoning twice the number required to complete said grand jury, in accordance with law, said sheriff summoned only three persons to complete said

[Harkness v. The State.]

grand jury, who were assigned to service on the grand jury, and constituted a part thereof." This motion was overruled, to which ruling the defendant duly excepted. Sentence was pronounced upon the defendant on February 17, 1900.

No counsel marked as appearing for appellant.

CHARLES G. BROWN, Attorney-General, for the State.

TYSON, J.—A motion in arrest of judgment must be made and denied or granted by the court after verdict and before sentence. It, therefore, comes properly between the verdict and the judgment pronouncing the sentence.—*Hood v. The State*, 44 Ala. 81.

It appears from the record that the names of eighteen persons were upon the *venire facias* to be summoned as grand jurors and that sixteen of that number were served by the sheriff and appeared. Three of them were excused by the court, reducing the number to thirteen. For the purpose of completing the grand jury, the court ordered the sheriff to summon from the qualified citizens of the county twice the number of competent and fit persons to complete the grand jury, to sixteen in number, which was done. In obedience to this order there appeared three of those whom the sheriff had summoned, and they were made members of the grand jury which found this indictment. This action of the court was in accordance with the provisions of section 5023 of the Code.—*Kilgore v. The State*, 74 Ala. 1.

Affirmed.