# Hampton v. The State.

*Prosecution for Carrying Concealed Weapons.*

1. *Carrying concealed weapons; sufficiency of complaint.*—A complaint which charges that within twelve months before the making thereof the defendant "carried concealed about his peurson a pestol," is not bad or subject to demurrer for the mistake in the spelling of the words person and pistol; such mistake being a mere clerical or grammatical error.

2. *Motion in arrest of judgment; how should be shown on appeal.* A motion in arrest of judgment, the ruling thereon, and the reservation of the question as to such ruling can not be presented on appeal by bill of exceptions, but must be shown by the record proper; and when presented only by bill of exceptions, the ruling of the trial court thereon will not be reviewed.

3. *Same; when properly made.*—In a criminal case, a motion in arrest of judgment must be disposed of by being denied or granted after the verdict, and before the court proceeds to pronounce sentence upon the accused; and when not made until after the sentence is pronounced, such motion comes too late.

4. *Criminal law; motion for new trial.*—Rulings upon motions for new trials in criminal cases are not revisable on appeal.

5. *Carrying concealed weapons; when general affirmative charge improperly given.*—Where on a trial of a defendant for carrying a pistol concealed about his person there is no dispute as to the defendant having a pistol on his person, but the evidence is in conflict as to whether such pistol was concealed, the general affirmative charge is improperly given at the request of the State.

6. *Charge to the jury; reasonable doubt.*—In a criminal case, a charge which instructs the jury that "if you do not believe the evidence beyond a reasonable doubt you are not required to find the defendant guilty," is erroneous and properly refused.

7. *Carrying concealed weapons; charge to the jury.*—On a trial under a prosecution for carrying a pistol concealed, a charge is erroneous and properly refused which instructs the jury

[Hampton v. The State.]

that "if you are satisfied from the evidence that the defendant was carrying the pistol in such a manner that it was observable by ordinary observation, you should find the defendant not guilty."

APPEAL from the County Court of Morgan.

Tried before the Hon. WILLIAM E. SKEGGS.

The complaint under which the appellant, Calvin Hampton, was tried and convicted charged "that within twelve months before the filing of this complaint, Calvin Hampton carried concealed about his peurson a pestol, which said offense has been committed in said county against the peace and dignity of the State of Alabama."

To this complaint or affidavit the defendant demurred upon the ground that it did not charge the commission of any offense, but avers that the defendant "carried concealed about his peurson a pestol," and that the averments of said affidavit were uncertain and insufficient. This demurrer was overruled.

Under the opinion on the present appeal it is unnecessary to set out the facts in detail.

The court, at the request of the State, gave to the jury the following charge: "If the jury believe the evidence beyond a reasonable doubt, they will find the defendant guilty as charged in the complaint." The defendant duly excepted to the court's giving this charge, and also separately excepted to the court's refusal to give the following written charges requested by him: (1.) "If you do not believe the evidence beyond a reasonable doubt, you are not required to find the defendant guilty." (2.) "If you are satisfied from the evidence that the defendant was carrying the pistol in such a manner that it was observable by ordinary observation, you should find the defendant not guilty." After the judgment of conviction rendered upon the verdict of the jury, the defendant made a motion in arrest of judgment. This motion does not appear as part of the record, and it does not appear to have been made until after the sentence of the court had been passed upon the defendant.

RUSSELL & LYNNE, for appellant.—The demurrer to the complaint should have been sustained. The mistake in the spelling of the words therein rendered the same uncertain and defective.—*Parker v. State,* 114 Ala. 690; *Wood v. State,* 50 Ala. 144; *Griffith v. State,* 90 Ala. 583.

The court erred in its ruling upon the charges requested.—*Pierson v. State,* 99 Ala. 151; *A. G. S. R. R. Co. v. McAlpine,* 80 Ala. 76; *Siebold v. Rogers,* 110 Ala. 438; *Jones v. State,* 51 Ala. 17; *Street v. State,* 67 Ala. 89.

CHAS. G. BROWN, Attorney-General, for the State. There was conflicting evidence in the case and charge 1 had tendency to mislead and confuse the jury.—*Koch v. State,* 115 Ala. 99.

The second charge requested by the defendant was properly refused.—*Driggers v. State,* 123 Ala. 49; *Ramsey v. State,* 91 Ala. 29; *Smith v. State,* 96 Ala. 68.

TYSON, J.—The complaint upon which defendant was tried is not before us. The copy of it in the transcript does not show clearly how the word "person" was spelled, whether "peurson" or "purson." But it is of no consequence whether the one or the other, since it is simply a clerical or grammatical error. It is impossible to read the complaint and be in doubt as to the word intended or its import. The same may be said of the word pistol, if we concede that it was written "pestol."—*Grant v. The State,* 55 Ala. 207; *Ward v. The State,* 50 Ala. 120.

A motion in arrest of judgment, the ruling thereon and the reservation of a question as to such ruling cannot be presented on appeal by bill of exceptions, but must be shown by the record proper; and when presented only by bill of exceptions the ruling of the trial court thereon will not be reviewed.—*Taylor v. The State,* 112 Ala. 69. Furthermore, such motion should be made and denied after the verdict and before sentence. It comes properly between the verdict and judgment pronouncing the sentence.—*Sanders v. The State,* 129 Ala. 69.

[Walkley v. The State.]

The overruling of the motion for a new trial is not reversible.—*Bondurant v. The State*, 125 Ala. 31.

There was no dispute as to the defendant's having the pistol on his person. The matter of controversy was as to whether it was concealed. On this point, the evidence was in conflict. It was error, therefore, to give the general affirmative charge, with hypothesis, for the State. If the pistol was not concealed the prisoner was not guilty and the fact of its concealment was a question for the jury.

There was no error committed in the exclusion of evidence, nor in the refusal of the two written charges requested by defendant.—*Koch v. The State*, 115 Ala. 99; *Driggers v. The State*, 123 Ala. 46.

Reversed and remanded.