# Choate *v.* Alabama Great Southern R. R. Co.

## *Injury to Employee.*

(Decided Feb. 2, 1911.   54 South. 507.)

1. *Appeal and Error; Exceptions Below; Instructions.*—Under section 5324, Code 1907, it is not necessary for either party to except to the giving of charges requested by his adversary, or to the refusal of charges requested by himself, as appropriate exceptions thereto must be presumed as to both parties, under section 3016, Code 1907.

2. *Same; Record; Matters to be Shown by Bill of Exceptions.*—In order to review rulings on instructions requested such instructions and the rulings thereon must appear by the bill of exceptions; it is not sufficient that they appear in the record proper, although the statute says that when so given or refused and endorsed by the trial judge they become a part of the record.

3. *Same.*—Charges given and set out in the record proper may be looked to on appeal to see if they · furnish substantial duplicate of charges refused, but they cannot be looked to for the purpose of considering whether such charges themselves were properly given unless they appear in the bill of exceptions.

4. *Same; Harmless Error; Instructions.*—If, on the evidence, the plaintiff was entitled to the affirmative charge for the amount for which verdict and judgment was rendered, on all the counts of the complaint, any error against the defendant would be error without injury; this is not true, however, if the complaint contained any count on which, under the evidence, the affirmative charge could not be properly given.

5. *Same; Harmless Error; Ruling on Motion.*—Where a proper ground was alleged in the motion for new trial the granting of a new trial will not be reversed although the trial court based its action on an improper ground.

6. *New Trial; Ground; Lost Charges.*—Where lost charges have become a part of the record before their loss they may, and should be substituted under sections 5739, 5745, Code 1907, and their loss does not afford ground for motion for a new trial.

7. *Railroads; Injury; Pleading; Variance.*—Where the action was against a railroad company based on negligence causing injury to a stranger or licensee, it was not supported by proof that at the time of the injury, plaintiff was a servant of the defendant and engaged in the work of the defendant, since a material variance was disclosed.

8. *Trial; Verdict; Matters Eliminated.*—Where the counts of a complaint are eliminated before the case goes to the jury, the verdict cannot be referred to any of them, and hence, a verdict cannot be sustained because under the evidence, it could have been supported by the counts thus eliminated.

[Choate v. Alabama Great Southern R. R. Co.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by J. C. Choate against the Alabama Great Southern Railroad Company, for injuries received while in the employment of the defendant. There was judgment for plaintiff, and on motion of defendant, the verdict was set aside and a new trial granted. From this order plaintiff appeals. Affirmed.

GASTON & PETTUS, for appellant. The right of appeal exists.—Sec. 2846, Code 1907. Error must affirmatively appear to overcome the presumption indulged as to the correctness of the trial court's rulings.—*Sander's v. Steen*, 128 Ala. 633; *Cauley v. The State*, 133 Ala. 136. Where the motion is based on several grounds, and is sustained as to one and no other, the motion is overruled as to all other grounds.—29 Cyc. 1027; 1 Enc. P. & P. 935. The court has a right to substitute the lost record, and hence, should have substituted instead of granting a new trial.—*Adkinson v. Keel*, 25 Ala. 551; *Dabney v. Mitchell*, 54 Ala. 198; 13 Enc. P. & P. 372-5. The court is required to pass upon the question whether or not the trial court drew the proper legal conclusion from the undisputed facts.—*L. & N. R. R. Co. v. Street*, 51 So. 30; *Cauley v. The State*, supra. Refused charges are a part of the record.—Section 5364.

A. G. & E. D. SMITH, for appellee. If the lower court had refused the motion for a new trial, this court on appeal would have reversed such action on account of the lost charges.—*Crittenden v. Schermerhorn*, 35 Mich. 370; *Borrowscale v. Bosworth*, 98 Mass. 34; *Hume v. Bowie*, 148 U. S. 245. Where without fault on the appellant's part he cannot make up a full and complete transcript because of loss of certain parts thereof, he

is entitled to a new trial.—32 La. Ann. 646; *State v. Huggin*, 126 N. C. 1055; 113 Mo. 602; 15 Wyo. 465; 83 N. C. 108; 70 Miss. 259; 54 S. W. 1054; 72 Neb. 47. Where the new trial is granted upon an improper ground, and the motion contains a proper ground, the action of the trial court in granting the motion will not be disturbed on appeal.—*Woodward I. Co. v. Curl*, 153 Ala. 215. It is insisted that there is a variance between the allegation and the proof, and that the defendant was entitled to the affirmative charge. Therefore, the court properly granted the new trial.

MAYFIELD, J.—The propriety or correctness of a trial court's granting a new trial upon the sole ground that the clerk of the court had lost the charges which were refused to the party moving for the new trial, without the fault or neglect of such party, is presented for decision on this appeal.

Our statutes require trial courts to give or refuse—and so mark and sign—any number of written charges moved for by either party, and provide that such charges then become a part of the record. Those charges given are taken out by the jury, when they retire for the consideration of the case, while those refused are to be returned to the clerk.—Code 1907, § 5364.

It is not necessary for either party to except to the giving of any such charges requested by his adversary, nor to the refusal of those so requested by himself. Appropriate exceptions thereto must be presumed as to both parties.—Code 1907, § 3016.

This court, however, has frequently ruled that, in order to review rulings as to such charges, the charges, and the rulings thereon, must appear in the bill of exceptions; that it is not sufficient that they appear in the record, notwithstanding the statute says that when

[Choate v. Alabama Great Southern R. R. Co.]

so given or refused, and indorsed and signed by the trial judge, they become a part of the record. . The given charges, however, may be set out in the record proper, and the court will look to them on appeal, to see if any of those refused to a party were duplicates of those given; but not for the purpose of considering whether such charges themselves were properly given, unless they also appear in the bill of exceptions.

The lost charges having become a part of the record, before their loss, they could and should have been substituted. Courts have the inherent power to substitute lost or destroyed records and parts thereof.—13 Ency. Pl. & Pr. pp. 372-375; *Adkinson v. Keel,* 25 Ala. 551; *Pruitt v. Pruitt,* 43 Ala. 77.

We also have statutes which are declaratory of this common-law power, and which provide the mode and the procedure for such substitutions.—Code 1907, §§ 5738-5745.

It is argued by appellee that it was physically impossible to substitute all these charges, and the ruling of the trial court would seem to indicate that the judge had the same opinion. But we are not sufficiently informed as to the facts of the concrete case, to pass upon this question—indeed, we do not deem it necessary, under the view we take of the case.

Substitution being the proper procedure, and the one prescribed by the statute, the attempt should have been made. The plaintiff, who had obtained a judgment in the case, had rights in the premises as well as the defendant, and, so far as the record informs us, he was without fault or neglect as to the loss of the charges; but he could probably have aided the court and the defendant in the substitution. He should at least have been afforded the opportunity of so doing.

[Choate v. Alabama Great Southern R. R. Co.]

This particular ground of the motion for a new trial does not allege that it would be impossible to substitute, and hence that question was not an issue on the hearing; the defendant had no opportunity to show that the charges could be substituted. Moreover, two of the refused charges were each made a separate ground of the motion for a new trial.

As to what was the substance, effect, or purport of the other charges refused, we are not informed. To have been proper charges, the refusal of which could work a reversal, they must have stated correct propositions of law which were applicable to the issues and evidence, and which had not been given at the request of the defendant.

The affirmative charge had been given for the defendant as to all the counts except count 6. The issues raised as to that count were few and simple and we can see no occasion or necessity for any great number or complications as to proper charges touching that count. While we of course recognize the fact that the trial court nor the attorneys might not be able to rewrite or reproduce every charge refused to the defendant, even in substance, yet the court having given the affirmative charge for defendant as to all the counts except this one, and the pleas to it being few and simple, it does seem to us that all the charges that were material or thought proper to be requested by the defendant could have been submitted—substantially, if not literally. The pleadings in the case were all before the court and counsel; all the evidence was before the court; the issues and facts were as well known on the hearing of the motion as at the time of the trial; and the law applicable to the case was as well known to counsel and court on the hearing of the motion as on the main trial. The charges given were also before the

[Choate v. Alabama Great Southern R. R. Co.]

court, on the hearing; and it does seem from this that counsel for the defendant could have reproduced the charges requested, so as to have the law applicable to this count, as he conceived it to be, properly stated to the jury by the court. This was all he was entitled to, either at the trial or the hearing of the motion.

But if we should be in error in this, still it was the duty of the defendant and of the trial court to make the attempt to substitute, instead of presuming that it could not be done, and granting a new trial on account of the loss of the charges—thus denying the plaintiff his right to have a substitution.

Counsel for appellee have cited a host of authorities to the proposition that appellate courts will award a new trial in all cases where a party has, by accident, mistake, or fraud, been deprived of his right of appeal, or prevented, on appeal, from presenting his exceptions to the appropriate court for review. The propositions decided in these cases, or many of them, may be found stated in 29 Cyc. pp. 874, 875, and many of the cases referred to in notes thereto, and numerous other cases of similar import, may be found in 15 Dec. Dig. pp. 441, 442; 17 Cent. Dig. subject "New Trial," §§ 188, 189.

It would be useless to distinguish many of the cases from the one under consideration, which we think can be done; while there are some which we are not willing to follow, under our existing statutes of procedure.

We hold that the trial court erred in granting this motion for a new trial upon the ground assigned—the loss of defendant's refused charges—but we are compelled to affirm the action of the court, for the reason that it was error without injury, affirmatively appearing from the transcript which contains all the evidence and the pleadings and rulings thereon.

The case went to the jury on the sixth county only. That count declared as for an injury to a stranger or a license at most, by the negligence of the defendant in allowing a car to fall upon plaintiff. The proof shows without dispute that plaintiff, at the time of the injury, was a servant of the defendant and engaged in and about the works of the master. There was therefore an entire and material variance between the allegations of this count—the only one which went to the jury—and the proof.

The count in question studiously avoided any allegation of the relation of master and servant between the plaintiff and the defendant, and there was no attempt to state a cause of action under the employer's liability act (Code 1907, §§ 3910-3913) or the common-law liability of the master to his servant. The allegation, at least, is that plaintiff was on the defendant's right of way as a licensee, by invitation, or command. The proof indisputably shows that plaintiff was the servant of defendant and was injured while in the discharge of his duty as such servant; and, if any liability would rest upon the defendant for his injury, it would be the liability of master to servant, and not that to a licensee. This was, of course, a fatal variance. While there were counts in the complaint declaring against the master, as such, and alleging the relation of master and servant, and which could have supported a verdict under the evidence, these counts were all eliminated before the case went to the jury, and hence the verdict cannot be referred to them. It may be that some of these counts were improperly eliminated, but as to this we cannot now decide, and intimate no opinion. If they were improperly eliminated, it could not result in any benefit to work a reversal of this appeal or to affirm a judgment based on a verdict returned to the sixth count on-

[Choate v. Alabama Great Southern R. R. Co.]

ly. If the general affirmative charge should have been given for the plaintiff under either counts upon which the trial was had, for the amount for which the verdict and judgment was rendered, then, of course, any error as against the defendant as to the other counts would be error without injury; and this case should be reversed and the judgment of the lower court on the main trial affirmed. But such is not the case. The plaintiff was not entitled to the affirmative charge as to any count, or upon any issue; and the verdict was erroneous upon any other issue submitted to the jury.

The general affirmative charge should have been given for the defendant as to the sixth count, as requested. The refusal of this charge was made a distinct and separate ground for the new trial; and upon this ground, if upon no other, the motion should have been granted, The fact that the court based his action upon an improper ground, when a proper one was alleged in the motion, should not work a reversal of the action of the court in granting the motion. The court having granted the motion, the movant of course could not appeal from the judgment or order, and the plaintiff was certainly not injured by the court's having based his action upon the wrong ground, if, as we decide, the motion should have been granted upon the other ground.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLLAN, JJ., concur.