# Travis *v.* The State.

## *Murder.*

(Decided April 11, 1912.   58 South. 270.)

1. *Criminal Law; Arrest of Judgment; Motion; Sufficiency.*— Where the record in a criminal case shows all preliminary steps requisite to a legal trial for murder with verdict and judgment thereon, a motion in arrest of judgment for error apparent on the record, is properly overruled.

2. *Same; Time of Making.*—In a criminal case, a motion in arrest of judgment not made until after judgment had been entered on the verdict comes too late.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Phillip Travis was convicted of murder in the first degree, and he appeals. Affirmed.

There is no bill of exceptions in the record, and the record shows all the preliminary steps requisite to a le-

[Travis v. The State.]

gal trial for murder in the first degree, verdict of the jury, and judgment thereon, together with a judgment overruling a motion in arrest of judgment, but the motion itself does not appear in the record.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There is no error of record, and a motion based on error apparent of record is properly overruled. For aught that appears, the motion was not made until judgment had been entered on the verdict, and it therefore came too late.— *Sanders v. State,* 129 Ala. 69.

DOWDELL, C. J.—The appeal in this case is taken on the record without a bill of exceptions. The only question raised on the record is the action of the court in overruling the defendant's motion in arrest of judgment. The grounds of the motion are not set out. As the record appears in all respects regular, the motion, if based on error apparent of record, was properly overruled. Moreover, the motion was not made until after judgment had been entered on the verdict. The motion, therefore, in arrest of judgment came too late.—*Sanders v. State,* 129 Ala. 69, 29 South. 841.

A careful consideration of the record by us fails to disclose any reversible error, and the judgment appealed from must therefore be affirmed.

Affirmed. All the Justices concur.