# Mitchell v. The State.

### Crime.

(Decided May 30, 1916.  71 South. 982.)

1. **Appeal and Error; Review; Instructions.**—In the absence of a bill of exceptions containing data of the trial, together with the given charges, and the oral charge of the court, and such charges are not set out as part of the record as now provided by Acts 1915, p. 815, the appellate courts cannot review intelligently charges requested by and refused to defendant.

2. **Charge of Court; Abstract.**—Charges not predicated on hypotheses raised by the evidence, or an hypothesis not raised by the evidence, are properly refused as abstract.

3. **Appeal and Error; Showing Error.**—A defendant who appeals must not only show error, but also that he was probably injuriously affected thereby, under rule 45, Supreme Court Practice.

[Mitchell v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. T. P. HEFLIN.

Sis Mitchell, alias, was convicted of crime, and he appeals. Affirmed.

No counsel marked for appellant. W. L. MARTIN, Attorney General, for the State.

PELHAM, P. J.— (1, 2) The record in this case contains no bill of exceptions. The transcript shows a certificate signed by the trial judge, stating that the time for tendering a bill of exceptions had expired and no bill had been tendered. The record contains the written charges given and refused that were requested by the defendant, but the general oral charge of the court is not set out, as provided by the act approved September 25, 1915 (Acts 1915, p. 815), and the record not setting out the oral charge of the court and containing no bill of exceptions (*Choate v. A. G. S. R. R. Co.*, 170 Ala. 590, 54 South. 507; *Ala. Construction Co. v. Wagnon Bros.*, 137 Ala. 338, 34 South. 352), the court is without the data upon which to intelligently review the charges. For aught we know, the charges set out do not relate to issues on which the case was tried, and if predicated on an hypothesis not raised by the evidence, were properly refused as abstract.—Supreme Court rule 45 (175 Ala. XII, 61 South. ix) makes it incumbent upon an appellant to not only show error, but also that he was probably injured thereby.—*Henderson v. Tenn. C., I. & Ry. Co.*, 190 Ala. 126, 67 South. 414.

The record proper shows an indictment in regular form, charging the defendant with assault with intent to murder. The judgment entry is also regular, and shows a judgment of conviction in conformity with the finding of the verdict, finding the defendant guilty as charged in the indictment. An examination of the record shows the proceedings to be regular, and nothing authorizing a reversal, and an affirmance is therefore ordered.

Affirmed.