# Moran v. The State.

## Crime.

(Decided December 19, 1916.   73 South. 748.)

1. **Appeal and Error; Review; Charges.**—Where the transcript contains no bill of exceptions, the appellate court is without information which will authorize it to review the written charges requested by defendant, and refused.

2. **Same; Presumption.**—Where there is nothing in the record to show when a motion in arrest of judgment was made, or what disposition the court made of such motion, the presumption will be indulged that the court ruled correctly, since error must be affirmatively shown.

3. **Same; Record; Motion in Arrest.**—A motion in arrest of judgment reaches only errors apparent on the face of the record, but the record should show some order or judgment on the motion in order to have it reviewed.

4. **Same; Review.**—While Acts 1915, p. 598, automatically gives an appellant an exception to the court's adverse ruling upon a written motion, it also requires the ruling to be made a part of the record.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Tom Moran was convicted of crime and he appeals. Affirmed.

JOHN P. ABBOTT, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.— (1) The transcript in this appeal contains no bill of exceptions, and, following the repeated holdings of this court, we cannot, in the absence of a bill of exceptions, review the written requests to charge refused to appellant.—*Mitchell's Case,* 14 Ala. App. 104, 71 South. 982; *Clay's Case,* 14 Ala. App. 664, 71 South. 982; *Clark's Case,* 14 Ala. App. 633, 72 South. 291; *Dorough's Case,* 14 Ala. App. 110, 72 South. 208.

(2) The motion for arrest of judgment is rightly set out in the record proper; but nothing appears from the record to show what, if any, action was taken by the court with reference to said motion; nor does it appear from said record when the motion was filed or made.

(3) It is not the office of a bill of exceptions to present for review the ruling of the trial court on a motion in arrest of judgment. This motion reaches only errors appearing on the face of the record. The record should show, however, some order or judgment upon the motion.—*Taylor's Case,* 112 Ala. 69, 20 South. 848; *Hampton's Case,* 133 Ala. 180, 32 South. 230.

(4) A recent statute (Acts 1915, p. 598) gives an appellant automatically an exception to the adverse ruling of the court upon a written motion, assuming the motion to have been in writing, but the statute also requires the ruling of the court to be made a part of the record. Error is not presumed; it should be affirmatively shown. No ruling or order of court appears, and non constat the motion may have been filed after sentence.—*Sanders' Case,* 129 Ala. 69, 29 South. 841.

An inspection of the record reveals no reversible error, and the judgment below must be affirmed.

Affirmed.