# Stass *v.* The State.

### Crime.

(Decided December 19, 1916.   73 South. 749.)

1. **Appeal and Error; Record; Arrest of Judgment.**—While the filing in writing of the motion in arrest of judgment automatically gives appellant an exception to the court's adverse ruling thereon, the ruling of the court should also be made to appear by the record proper.

2. **New Trial; Criminal Case; Review.**—Where there is no bill of exceptions setting forth the substance of the evidence, the appellate courts are without data upon which to review a motion made by a defendant for new trial in a criminal case, as authorized by Acts 1915, p. 722.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Walter Stass was convicted of crime and he appeals. Affirmed.

F. E. BLACKBURN, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—This appeal is upon the record proper, no bill of exceptions being incorporated in the transcript.

(1) It does not appear what, if any, ruling or order the trial court made upon the motion in arrest of judgment. On the assumption that said motion was in writing, and hence an exception automatically given by the statute upon the ruling of the court thereon, the order or ruling of the court should also be made to appear by the record proper.—Acts 1915, p. 598; *Tom Moran's Case, infra,* 73 South. 748. See, also, *Taylor's Case,* 112 Ala. 69, 20 South. 848; *Hampton's Case,* 133 Ala. 180, 32 South. 230.

(2) By recent statute (Acts 1915, p. 722) the defendant in a criminal case is authorized to move for a new trial, and to the refusal of the trial court to grant the motion may reserve his exception for review by this court. Since there is no bill of exceptions setting forth the substance of the evidence, there is no data before us for intelligent revision of this motion.— *Mitchell's Case,* 14 Ala. App. 104, 72 South. 507.

[Evans v. The State.]

An inspection of the record proper reveals no reversible error; the judgment entry was in accordance with count 2 of the indictment, to which the conviction is referred; and, the proceedings had in support of the judgment appearing to be regular, the judgment of the trial court is accordingly affirmed.

Affirmed.