(94 South. 487)

**THAMES v. LOUISVILLE & N. R. CO.**
(6 Div. 556.)

(Supreme Court of Alabama. Oct. 12, 1922.)

Appeal and error &⚬978(1)—Grant of new trial for rulings on evidence not disturbed, unless it affirmatively appears they did not affect verdict.

In an action by an automobile passenger for injury in its collision with defendant's train, the granting of a motion for new trial because of questions to witnesses tending to impress on the jury the fact that defendant had settled with the driver of the automobile and in effect admitted defendant's liability to her, and was contesting plaintiff's right to recover, notwithstanding that the driver may have been guilty of contributory negligence while plaintiff was only a guest, and the negligence of the driver was not imputable to her, will not be disturbed on appeal, unless it can be said that it affirmatively appeared from the great weight of the evidence and surrounding facts that this evidence did not influence the verdict either as to result or amount.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action for damages by Carolyn Thames, by her next friend, against the Louisville & Nashville Railroad Company. Following verdict and judgment for plaintiff, the trial court granted defendant's motion for a new trial, from which action the plaintiff appeals. Affirmed.

Percy, Benners & Burr, of Birmingham, for appellant.

The trial court having sustained defendant's objections to the questions, and having instructed the jury not to consider the same, this was sufficient to cure any possible prejudice. 175 Ala. 350, 57 South. 876, Ann. Cas. 1914C, 1037; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 17 Ala. App. 679, 88 South. 203; 93 Ala. 50, 9 South. 303, 30 Am. St. Rep. 28; 204 Ala. 678, 87 South. 208; 206 Ala. 141, 89 South. 293; 107 Ala. 645, 18 South. 75; 172 Mich. 666, 138 N. W. 236; 125 Cal. 434, 58 Pac. 56; 23 Ind. App. 333, 55 N. E. 271. No matter how prejudicial may be evidence or statements of counsel as to matters without the record, a new trial will not be granted, where the lower court sustained objections to the alleged prejudicial matter, if it clearly appears that the evidence was amply sufficient to justify the verdict rendered. 26 Okl. 665, 110 Pac. 884, L. R. A. 1918D, 98.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

The granting of a new trial for prejudicial matters is largely a question of discretion of the trial judge, and the ruling of the trial court in granting a new trial under such circumstances should seldom be reversed. 133 Iowa, 120, 110 N. W. 327; 100 Minn. 107, 110 N. W. 353, 10 Ann. Cas. 245; 146 Ill. 353, 34 N. E. 796; 211 Ill. 158, 71 N. E. 842. When a new trial is granted by the trial court because the verdict is against the weight of the evidence, the action of the trial court will not be reversed, unless the evidence plainly and palpably supports the verdict. 92 Ala. 630, 9 South. 738; 95 Ala. 147, 10 South. 257; 105 Ala. 240, 16 South. 720; 69 Ala. 473; 199 Ala. 388, 74 South. 380; 170 Ala. 469, 54 South. 493; 70 Ala. 443; 95 Ala. 300, 11 South. 294; 108 Ala. 476, 18 South. 805; 196 Ala. 403, 72 South. 52. When counsel trespass on the domain of unproven facts, the

---

&⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

presiding judge should promptly set aside any verdict they may recover, unless clearly convinced that the verdict is right, and would have been the same, in the absence of such unauthorized argument. 75 Ala. 466; 159 Ala. 51, 48 South. 662; 104 Ala. 471, 16 South. 538; 104 Ill. App. 147; 102 U. S. 451, 26 L. Ed. 141; 143 Pa. 595, 22 Atl. 1099, 24 Am. St. Rep. 571; 41 N. H. 317; 44 Wis. 282, 28 Am. Rep. 582; 52 Atl. 119; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

ANDERSON, C. J. The appeal in this cause is based solely upon the action of the trial court in granting the defendant a new trial upon grounds 47 to 57, inclusive, as contained in the motion, the said trial court having expressly overruled the motion as to all other grounds. The questions involved in the grounds upon which the motion was granted tended to impress upon the jury the fact that the defendant had settled with Miss Yerby and in effect admitted its liability to her and was contesting the plaintiff's right to recover, notwithstanding Miss Yerby was the driver of the automobile and may have been guilty of contributory negligence, while the plaintiff was only a guest, and the negligence of Miss Yerby was not imputable to her. The impropriety of these questions is not controverted by appellee's counsel, and the highly prejudicial effect of same upon the mind of the jury cannot be seriously doubted.

So the question is, Were the questions so removed and the prejudicial effect so eradicated as to have reasonably convinced the trial court that they did influence or prejudice the jury in the rendition of the verdict either as to result or the amount of same? The trial court was present and was an eyewitness to the proceedings and was in a position to observe the manner of counsel and the countenance and expression of the jury when the things complained of transpired. In other words, the trial court, when acting upon the motion, was in possession of data and circumstances which are not and could not be presented by the record to this court, and we cannot disturb the conclusion reached, unless we can say that it affirmatively appears from the great weight of the evidence and the surrounding facts and circumstances that this conduct did not influence the jury in the rendition of the verdict, either as to result or amount. We have been cited by counsel for appellant to several cases wherein this court has declined to disturb verdicts, and wherein perhaps the conduct complained of was as prejudicial or more so than that here involved, and the efforts to eradicate same were no more stringent or sweeping, notably, Birmingham R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A,

543; and Tenn. Co. v. Spicer, 206 Ala. 141, 89 South. 293.

In the Gonzalez Case, the trial court, in the denial of the new trial, in effect held that the argument was so eradicated that it did not prejudice the jury in the rendition of the verdict, and this court, after resolving the presumption in favor of the trial court, which possessed advantages over this court, declined to disturb its conclusion upon the new trial. Had the trial court granted the motion, this court would doubtless have declined to disturb the ruling, just as it feels constrained to do in the case at bar or had the trial court granted the motion in the Gonzalez Case, its action would no doubt have been affirmed just as we do in the instant case:

In the Spicer Case there does not appear to have been a motion for a new trial or the action thereupon presented to this court because of the asking of the improper unanswered question. The question was objected to and the objection sustained, and this court did not feel disposed to reverse the trial court for an abuse of its discretion in declining to withdraw the case from the jury and continue the same after the court had refused the proffered evidence, simply because counsel in remarks, addressed to the court and not the jury, insisted upon the competency of the evidence. The trial court in effect · held that the insistence of counsel in argument to it and not the jury did not prejudice the jury in declining to continue the case, and there seems to have been no motion for a new trial based upon the theory that the prejudice had not been eradicated and had influenced the jury to the detriment of the defendant. Moreover, the proof proffered in the Spicer Case was not calculated to affect the result, but merely to enhance the amount of recovery, and so far as this court knew, the verdict was not considered excessive by the defendant, as no motion seems to have been made to set aside or reduce the verdict because excessive.

The case of Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565, was not determined upon the granting or refusal of a motion for a new trial. It was simply a case where plaintiff's counsel injected into the case improper and highly prejudicial facts over the objection of the defendant and the plaintiff contended upon appeal that the error of admission had been cured by the subsequent withdrawal and instruction of the trial court not to consider same. The questions asked were not only improper, but the witnesses answered same, and the answers were permitted to remain with and soak into the mind of the jury for some little time, and this court simply held that, notwithstanding the withdrawal by plaintiff's counsel that the feebly attempted exclusion of same by the trial court was not

sufficient to eradicate the effect of same from the mind of the jury, and the improper admission of this evidence being error, the burden was upon the plaintiff to show that the damaging effect of same had been removed, which he failed to do.

The case of Birmingham Infirmary v. Coe, 206 Ala. 687, 91 South. 604, is quite unlike the present one. The question there was not only not answered, but the court also held that, even if it was an improper one, the mere asking of same was of no prejudice. There the question asked was not of the same nature or character as the one here which, as heretofore demonstrated, was calculated to be of great prejudice to this defendant.

It is next urged that the verdict of the jury should not have been disturbed if it plainly appears that the same was correct, citing note in L. R. A. 1918D, p. 98. The cases discussed in this note indicate that this rule was applied by the appellate courts to affirm the trial courts. Here we are called upon to reverse the trial court, and the rule seems to be that this will not be done unless the great weight of the evidence supported the verdict, and it also affirmatively appears that it could not be and was not influenced by the misconduct of counsel. Of course, if the weight of the evidence supported the verdict, this would indicate, though not conclusively, that the questions were not prejudicial. It is also urged that the questions in hand could not have been prejudicial because the jury found the only verdict it could have found under the evidence—that the plaintiff was entitled to the general charge as to the count based upon the violation of the city ordinance. We may concede that the plaintiff was entitled to the affirmative charge as to this count, and that the verdict should not have been disturbed had this count been the only one submitted to the jury, or had the jury confined its verdict for the plaintiff to this count; but there were two other counts submitted, one being for wanton misconduct, and there was a general verdict; and while we might affirmatively hold the result was proper, yet we cannot say that the amount of the verdict was, or that the jury found under the ordinance count and did not base their verdict upon the wanton one and assess punitive damages thereunder. In our case of Choate v. A. G. S. R. R., 170 Ala. 590, 54

South. 507, dealing with the action of the trial court in granting a motion for a new trial, it was said:

"If the * * * affirmative charge should have been given for the plaintiff under either of the counts upon which the trial was had, for the amount for which the verdict and judgment was rendered, then, of course, any error as against the defendant as to the other counts would be error without injury; and this case should be reversed and the judgment of the lower court on the main trial affirmed."

Should we apply this rule to the case in hand, by way of analogy, we may concede that the plaintiff was entitled to the affirmative charge, under the ordinance count, but not as to the amount fixed by the verdict. True, the trial court overruled that ground of the motion based upon an excessive verdict, but this refutes rather than confirms the idea that it thought the verdict was based upon the ordinance count and not the wanton count. Had the trial court thought it based upon the ordinance count, it may have deemed it excessive, but as it was not deemed excessive it may have been felt that it was awarded under the wanton count.

At the cost of repetition the trial court, in granting the new trial upon the grounds assigned, in effect found that the prejudicial effect of the questions asked may have influenced the verdict of the jury, and we cannot say that the evidence so plainly or overwhelmingly justified the verdict both as to result and amount as to put the trial court in error for disturbing said verdict, as the same may have been rendered under counts other than the ordinance one, and which required different evidence to establish and one of which provides a different kind of damages, and as to the establishment of which there was such a sharp conflict in the evidence as required their consideration by the jury, and in which these questions may have been of some bias, both as to the conclusion reached and the damages awarded. At least, the trial court so found, and we cannot say that it committed reversible error in awarding the defendant a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.