91 So.2d 828

Lewell **TAYLOR**, pro ami Leofice Taylor,

v.

**BROWNELL–O'HEAR PONTIAC COMPANY.**

**6 Div. 769.**

Supreme Court of Alabama.

Dec. 21, 1956.

Rehearing Denied Jan. 14, 1957.

Hal W. Howard and D. G. Ewing, Birmingham, for appellant.

London & Yancey and James E. Clark, Birmingham, for appellee.

SPANN, Justice.

This is a suit for damages wherein it is alleged that Lewell Taylor, a minor, sustained personal injuries as a result of the negligent operation of an automobile by an agent of the defendant, Brownell-O'Hear Pontiac Company. A jury trial resulted in a verdict and judgment for the plaintiff for $7,500. The defendant filed a motion for a new trial. From a ruling of the court granting the motion and ordering a new trial, this appeal is prosecuted.

The trial judge rested his order granting the new trial solely upon the improper argument of counsel for the plaintiff in his closing argument to the jury. The argument involved in ground 57, being one

of the grounds upon which the motion was granted, tended to impress upon the jury the ability of the defendant to pay any judgment the jury might render in the case. The pertinent portion of such argument was in the following language:

> " 'We have also dismissed as to Mr. Ritchie. We don't want to penalize Mr. Ritchie. We are after somebody that can pay.' "

The impropriety of such argument and the highly prejudicial effect of same upon the minds of the jury cannot be seriously doubted. Such remarks coming from eminent counsel and sustained by the ruling of the trial court were, we think, well calculated to influence the amount of the jury's verdict.

There was a similar problem before this court in the case of American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507. In that case, counsel for the plaintiff in his closing argument to the jury stated, in effect, that the American Express Company, the defendant, would still be in business regardless of whatever verdict the jury might render. There, as here, the defendant objected to such argument, the court overruled the objection and the defendant duly excepted. In that case, we held that the question of the improper argument of counsel was thus properly presented for our review; and further held that the action of the trial court in overruling the objection to such argument was reversible error.

Ground 59, another ground upon which the motion was granted, involved the argument of counsel for plaintiff in his closing argument to the jury in which he stated:

> " 'They accuse Mr. Howard of bribery and Mr. Clark said that Mr. Howard evidently was accusing him of bribery and everything else. I don't know whether a claim agent went out and fixed this thing or not.' "

Defendant objected, the objection was overruled and an exception reserved, thus properly preserving the matter for our review.

Counsel's preceding remarks had referred to claim agents in the following language:

> " * * * It develops some two or three people were out there to get a statement from this woman and she said it wasn't read to her. There were two or three people out there taking those pictures. I have heard of claim agents and I have heard of other people making investigations other than lawyers. * * * "

While we are not willing to say that the clear import of counsel's remarks was to inject insurance in the case, we think such argument was highly improper and prejudicial and that it could have suggested to the minds of the jury that someone other than the defendant would pay any verdict the jury might render.

There was a conflict in the evidence as to the facts and circumstances surrounding the accident as well as the extent of plaintiff's injuries.

We feel constrained to hold that such argument probably influenced the jury's verdict and that the action of the trial court in overruling defendant's objection thereto was sufficient error to support the court's order granting a new trial.

■ The trial judge was present and was in a position to observe the manner of counsel and the countenance and expressions of the jury and the things complained of which transpired. In other words, the trial court, in acting upon the motion, was in possession of data and circumstances which are not and could not be presented by the record to this court. For this reason, we cannot disturb the conclusion reached unless we can say that it affirmatively appears from the great weight of the evidence and the surrounding facts and circumstances that this conduct did not influence the jury in the rendition of the verdict either as to result or amount

**470**

Thames v. Louisville & N. R. Co., 208 Ala. 255, 94 So. 487.

It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error. German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Lassetter v. King, 33 Ala.App. 204, 31 So. 2d 586, certiorari denied 249 Ala. 422, 31 So.2d 588.

We are clear to the conclusion that grounds 57 and 59 necessitate an affirmance of the cause without a consideration of other grounds.

It follows, therefore, that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.