EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a paternity action. The purported father (the defendant) has appealed. We affirm.
*325 The mother of the child, Mrs. Taylor, claimed that the defendant was the father of Micah Taylor, who was born on September 22, 1976. Immediately before the trial, the state filed a motion in limine to restrict the defendant’s right to cross-examine witnesses or to otherwise introduce evidence regarding any other illegitimate children of the mother and regarding evidence pertaining to sexual relations between the mother and any other person, other than the defendant, unless the defendant first showed that such sexual relations occurred during the time that Micah could have been conceived. At the hearing upon that motion in the trial court’s chambers, it was stipulated that the child could have been conceived from 260 to 301 days before the date of Micah’s birth. The trial court granted the state’s motion in limine, citing as authority for its action the following:
“If the state proves the pregnancy of, or birth of a child to, the prosecutrix in bastardy, carnal knowledge, incest or other sexual offense for the purpose of showing the fact of sexual intercourse with the prosecutrix, the accused then has the right to prove the prosecutrix’s sexual intercourse with other men about the time of conception. Such evidence is relevant as tending to cast doubt upon the implied claim that the accused is the father of the child. Under this rule, the accused also has the right to show that, about the time the child was begotten, the mother was in the company of another man under circumstances affording a peculiarly good opportunity for him to have had sexual relations with her.
“It must be emphasized that the accused is not entitled to prove the mother’s sexual intercourse with others at unspecified times or at a time when, according to the laws of nature, conception could not have occurred. Likewise, the accused may not prove association of the prosecutrix with other men if such conduct has no substantial tendency to prove their paternity of the child.
“Sometimes the courts have spoken of the prosecutrix’s intercourse with other men as being admissible if, but only if, such intercourse is shown to have occurred within the period of gestation. It is sometimes said that such intercourse must have occurred about the time of the commencement of the period of gestation.”
C. Gamble, McElroy’s Alabama Evidence § 51.01(2) (3d ed. 1977) at 107.
Following a lengthy trial, the jury’s verdict was in the defendant’s favor, and a final judgment was rendered in accordance with the verdict. The state filed a motion for a new trial based upon violations by the defendant’s attorney of the trial court’s in limine ruling. After a hearing, the trial court granted the state’s motion for a new trial based upon the trial court’s expressed finding that the attorney representing the defendant disregarded the trial court’s ruling in limine “that a certain line of evidence would not be allowed and persisted in attempting to get such evidence before the jury to the prejudice of the plaintiff.” The record upholds that factual finding. Some of the evidence sought to be so introduced or elicited by the defendant was not admissible under the rules as summarized in McElroy’s Alabama Evidence, supra, and such evidence violated the trial court’s order in limine. The trial court was in an especially advantageous position to observe as to whether or not the evidentiary questions, observations or objections of defense counsel, which were in controversy, were of such a combined nature that the jury was prejudiced against the state thereby.
The Supreme Court of Alabama’s decision in Louisville and Nashville Railroad Company v. Phillips, 293 Ala. 713, 310 So.2d 194 (1975), is determinative of this ease. In upholding the trial court’s grant of a new trial because of a violation of an order in limine, it was thus stated:
“The principle to be followed in making the determination of the correctness of the trial court’s action in ordering a new trial is well stated in Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389 [1930]:
“ ‘It is the generally accepted rule that it will constitute grounds for a *326 new trial if counsel, in disregard of the court’s ruling that a certain line of evidence is inadmissible, persists in attempting to get such evidence before the jury to the prejudice of the unsuccessful party. * * * 221 Ala. at 228, 128 So. at 392.’
“More apt, perhaps, to the facts of the case before us, in light of the proceedings in chambers on the motion in li-mine, is the quote from Metropolitan Life Insurance Co. v. Carter, 212 Ala. 212, 102 So. 130 [1924], in Ritchey v. State, 293 Ala. 265, 302 So.2d 83 [1974]:
“ ‘ * * * It is clear to us that the trial judge was endeavoring to prevent the jury from being influenced by what he deemed to be an illegal inference from the testimony. To prevent a miscarriage of justice, it is always the duty of a trial judge to so conduct the trial as to see that extraneous influences do not find their way into the jury box. It has often been said:
“ ‘ “ * * * One of the highest functions of our courts, organized as they are for the fair and impartial administration of justice, is to ‘prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box.’ ***”’.

Indeed, just as it is the duty of the trial judge to so conduct the trial as to see that extraneous influences do not find their way into the jury box, likewise it is his duty to correct the result when it is determined by him that such did find their way in and probably influence the verdict. Taylor v. Brownell-0’Hear Pontiac Co., 265 Ala. 468, 91 So.2d 828 [1956].’

“... We think the test applied in Taylor v. Brownell-0’Hear Pontiac Co., supra, cited by plaintiff, is the one more appropriately applied to the situation presented by the case at bar. There the trial judge had granted a new trial on account of improper argument of counsel in connection with which this court went on to say:
“ ‘The trial judge was present and was in a position to observe the manner of counsel and the countenance and expressions of the jury and the things complained of which transpired. In other words, the trial court, in acting upon the motion, was in possession of data and circumstances which are not and could not be presented by the record to this court. For this reason, we cannot disturb the conclusion reached unless we can say that it affirmatively appears from the great weight of the evidence and the surrounding facts and circumstances that this conduct did not influence the jury in the rendition of the verdict either as to result or amount. Thames v. Louisville & N.R. Co., 208 Ala. 255, 94 So. 487 [1922].’
“ ‘It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court’s discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error. (Citations omitted).’ 265 Ala. at 469, 91 So.2d at 829.”
293 Ala. at 717-719, 310 So.2d at 198-199.
We have reviewed the trial record and have studied the briefs of able counsel. The record does not reveal that the trial court was palpably wrong or that it abused its discretion in granting a new trial. We cannot say that the forbidden actions of defense counsel did not influence the jury. We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Ala *327 bama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.