# T. S. Collins *v.* The Delaware Insurance Company of Philadelphia, Appellant.

*Insurance—Smoke—" Fire out of place "—Question for jury.*

If the smoke that did the damage, for which insurance is claimed proceeded from a fire " out of place " it is no answer to say that it originated in a fire in the place fitted and intended for it. The question whether the smoke proceeded from a fire " outside the place," where under the contract of insurance, it was intended to burn is one for the jury under the evidence of the particular case.

Argued Nov. 22, 1898.  Appeal, No. 41, Oct. T., 1898, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1897, No. 191, on verdict for plaintiff.  Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Assumpsit.  Before CLAYTON, P. J.

It appears from the record and evidence that plaintiff claimed under a policy of $2,000 against loss or damage by fire, a loss resulting to goods in a dwelling house to the amount of $382.75. It appeared that the damages sustained by plaintiff were caused by heavy smoke and soot from a coal oil stove used for heating his parlor, in which it was alleged that the oil took fire when no one was in the room, and that the injury resulted from the smoke caused by such fire.

Defendant submitted the following points:

1. That in order to find the defendant liable under the terms of its policy the jury must be satisfied from the evidence that the plaintiff's loss was caused either by actual ignition of the property destroyed or by heat, smoke, or other consequence of fire out of its proper place, and not by such heat, smoke, etc., from a fire in a stove or other fireplace.  *Answer:* I affirm that point, gentlemen, unless the fire in the fireplace or stove is out of its proper place by some accident not under the control or within the knowledge of the insured.  If the fire is out of its proper place by some accident and an ignition follows, there is liability.

2. If the jury believe that the damage to the plaintiff's property was caused solely by the smoke or heat issuing from an oil stove, and that the fire itself was confined entirely to the stove, the verdict must be for the defendant.  *Answer:* That is affirmed with this qualification: If the fire was confined to the stove it must be confined to that part of the stove which was properly intended for fire, and if the fire by accident was displaced from its proper place the place where it is intended to be, and there was an ignition of some other part of the stove which was not intended to come in contact with the fire, and it was injured or destroyed, and that was a consequence of the injury there can be a recovery.  Now I will leave the case with you.

The court charged the jury, inter alia, as follows :

[I say that if you find that what the plaintiff says is true, that the fire got by accident out of its proper place and burned some part of the stove that was not intended to come in contact with the fire, by the use of means to cut off the communication between the flame and the coal oil, then you may find for the plaintiff.] [3]

[ But I hold and so charge you that if from any accident unknown to the plaintiff, and which he could not prevent by reasonable diligence, there was a displacement of the fire from where it ought to be (so) that a part of the stove which was not intended to come in contact with the fire was burned, that that is sufficient burning to make the company liable for all the consequences.] [ 4 ]

Verdict and judgment for plaintiff for $404.95.  Defendant appealed.

*Errors assigned* were (1) in not granting a nonsuit.  (2) In not affirming all the defendant's points, without reservation. (3, 4) To portions of the general charge, reciting same.

*Edward S. Sayres* and *W. W. Montgomery*, for appellant.— There must be actual ignition outside of the agencies employed : Wood on Fire Insurance, sec. 103.

Damage arising from excessive fire in the fireplace or receptacle provided for it, but where there was no ignition of the property insured, is not covered by an ordinary fire policy : Millaudon v. Ins. Co., 4 La. Ann. 15 ; Gibbons v. Ins. Co., 30 Ill. App. 263 ; Austin v, Drew, 4 Camp. 360 ; American Towing Co. v. Ins. Co., 74 Md. 25.

*W. S. Sykes*, for appellee, cited Gibbons v. Ins. Co., 30 Ill. App. 263.

Opinion by Rice, P. J., March 23, 1899 :

The plaintiff's goods were not burned but were damaged by smoke and soot; but it is well settled that a policy against " direct loss or damage by fire " may cover loss other than by actual burning, such as by water used to extinguish the fire, and by smoke from the fire.  If, however, the fire itself be not insured

against, as it ordinarily is not when it is kept within the place that is fitted and intended for it, there is no liability for such consequences as the escaping of smoke or gas.

We cannot do better than to adopt the illustrations used in a well-considered Massachusetts case. If a stove should be cracked and spoiled by a fire kindled in it to warm the house, or if a fire in a fireplace should crack the mantel, or scorch valuable furniture left too near it, or injure property by its smoke which the chimney failed to carry off, or if a lamp should throw off soot or smoke in such quantities as to cause damage to property, in every such case, it may be conceded, if the fire burned nothing but that which was intended to be burned for a useful purpose in connection with the occupation of the house, and if it did not pass beyond the limits assigned to it, the insurance company would not be liable: Way v. Abington Mut. F. Ins. Co., 166 Mass. 67. See also Austin v. Drew, 4 Camp. 360; Holt, N. P. 126; 6 Taunt. 436; American Towing Co. v. Ger. F. Ins. Co., 74 Md. 25; Scripture v. Lowell Mut. F. Ins. Co., 64 Mass. 356; Gibbons v. Ins. Co., 30 Ill. App. 263; Wood on Fire Ins. sec. 103. The defendant's counsel argue that this case is governed by the same principle, because (1) there is no sufficient evidence that there was any fire except the burning of the wick of the oil stove; and because (2) even if the oil were burning, yet, as it was inside the stove, it cannot be said that there was actual ignition outside of the agency employed to heat the room.

As to the first branch of this proposition we remark that, not only was there no request to have the jury so instructed, but the trial judge would not have been warranted in doing so even if there had been such request. The defendant gave evidence to that effect, it is true, but it was not uncontradicted. On the contrary, the plaintiff gave evidence to show that the fire was not confined to the burning of the wick, but had extended to the tank in which the oil was kept that fed the wick, had melted off the cap, and was flaming up both from the inside and the outside of the stove. It is argued that it is improbable that this could have occurred without an explosion, or without the ignition of something in the room besides the oil in the stove. This is an argument to be.

addressed to the jury; it is not our province to reject the tes
timony upon the ground that it is too improbable to be believed.

The rule as stated in Wood on Fire Insurance, "that there
must be actual ignition outside of the agencies employed " is
not subject to criticism when properly understood. We can-
not, however, assent to the proposition that if there was no
ignition except in or on the stove there was no fire within the
meaning of the policy. The fuel was oil and was intended to
be consumed in a particular place, namely by a wick fed from
a tank in which the oil was kept. It was no more intended to
be burned in the tank than in the barrel or the can in which it
was brought to the house and kept. If some malicious or care-
less person had dropped a match in the tank, or if the tank had
leaked and the oil had reached some part of the stove where it
was not intended to be, and in either case there had been an
ignition, and the furniture in the room had been damaged by
smoke and soot, could there be any question that the efficient
cause of the injury was a fire " out of place? " We think not.
Of course the cause nearest in point of place and time was the
smoke. So in the present case the dashing of water upon the
flames was in a sense the cause of the greater part of the smoke
and soot. But the active cause which, in the construction of
fire insurance policies, is held to set in motion the train of
events which brought about the result was the fire. The law
does not go back of that to seek for the cause in the absence of
fraud or gross negligence amounting to a fraud or to a breach
of some condition of the policy. " In suits brought on policies
of fire insurance it is held that the intention of the parties must
have been to insure " against losses where the cause insured
against was a means or agency in causing the loss, even though
it was entirely due to some other active, efficient cause which
made use of it, or set it in motion if the original efficient cause
was not itself made a subject of separate insurance:" Lynn
Gas and Electric Co. v. Meriden Fire Ins. Co., 158 Mass. 570.
If, therefore, the smoke that did the damage proceeded from a
fire "out of place," it is no answer to say that this originated
in a fire in the place fitted and intended for it. Again, as was
said in Way v. Abington Mut. Fire Ins. Co., "a distinction
should be made between a fire intentionally lighted and main-
tained for a useful purpose in connection with the occupation

of a building, and a fire which starts from such a fire, without human agency, in a place where fires are never lighted nor maintained, although such ignition may naturally be expected to occur occasionally as an incident to the maintenance of necessary fires," etc.   Hence it was held in that case that damage by smoke to insured property by the burning of soot in a chimney accidentally ignited by the burning of waste paper in a stove was within the terms of a policy against all loss or damage by fire.   The same doctrine was recognized in American Towing Co. v. Ger. F. Ins. Co., *supra*, a case much relied on by the defendant's counsel, for in closing the opinion the court said: "No doubt there are many instances where the insurer has been held liable for injury to building or furniture by heat or smoke, where heat or smoke has proceeded from fire outside of and beyond the limits of the place where it was intended by the contract of insurance to burn."

The question whether the smoke proceeded from a fire outside the place where, under the contract of insurance, it was intended to burn was for the jury under the evidence in this case.   Without discussing the assignments of error in detail it is sufficient to say that it was submitted to them in a charge of which the defendant has no reason to complain.

All the assignments of error are overruled and the judgment is affirmed.