## PANAMA ELECTRIC RY. CO. v. MOYERS.

### (Circuit Court of Appeals, Fifth Circuit. March 18, 1918.)

### No. 3124.

1. VENUE ☞8—TRANSITORY ACTIONS.
   An action for damages for injuries to an automobile from collision with an electric car is transitory, and, though it arose in Panama, the district court of the Canal Zone has jurisdiction, regardless of the citizenship of the parties, where service might be had on the defendant within the Zone.

2. STATUTES ☞281—PLEADING—FOREIGN LAWS—WHAT LAW GOVERNS.
   The lex fori is decisive as to the necessity and manner of pleading foreign laws on which a transitory action is based.

3. EVIDENCE ☞37—FOREIGN LAWS—PROOF.
   Foreign laws are facts, and must, like other facts, be proven.

4. EVIDENCE ☞81—PRESUMPTIONS—FOREIGN LAWS.
   While a court of a common-law country may presume that the laws of a foreign country which are of common-law origin are the same as those of the forum, there is no such presumption with respect to the laws of a country having their origin in the civil, instead of the common, law.

5. EVIDENCE ☞37—FAMILIARITY OF COURT WITH FOREIGN LAW.
   In action in the district court for the Canal Zone for damages from collision occurring in Panama, plaintiff's failure to introduce evidence of the law of Panama could not be excused because of familiarity of the trial judge with Panama law, for familiarity of the trial judge with the facts of the case being tried before him does not render unnecessary the introduction of evidence.

6. STATUTES ☞290—EVIDENCE—ADMISSIBILITY.
   In such action, the exclusion of evidence as to the laws of Panama and facts which were pleaded by defendant as being a defense under those laws is improper.

In Error to the District Court of the Canal Zone; Wm. H. Jackson, Judge.

Action by H. G. Moyers against the Panama Electric Railway Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Theodore C. Hinckley and Stevens Ganson, both of Panama, Republic of Panama, for plaintiff in error.

Wm. C. MacIntyre and E. M. Robinson, both of Cristobal, Canal Zone, for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BATTS, Circuit Judge. Plaintiff (H. G. Moyers, defendant in error) instituted suit against defendant (the Panama Electric Company, plaintiff in error) in the United States District Court of the Canal Zone, for damages in the amount of $1,500 for injuries to an automobile, occasioned by a collision in Panama with a car of defendant. It is alleged that plaintiff was a resident of the city of Panama, republic of Panama, and that the defendant company is a common carrier of passengers between Balboa, Canal Zone, and the city of Panama, and that it was doing business in the Canal Zone, and had property within the jurisdiction of the court. There is no allegation as to the citizenship of the plaintiff or defendant. The defendant entered a plea to the jurisdiction, alleging that the court had no jurisdiction over the defendant in personam, nor of the subject-matter of the action.

[1] There are many excellent reasons why the courts of the Canal Zone should not take jurisdiction of cases arising in Panama, especially where it is not shown that either party is a citizen of the United States. The courts of Panama are easily accessible, and, it must be assumed, better qualified to determine and apply the laws of that country than are the courts of the United States. While this is true, the authorities seem to establish that the courts of the Canal Zone are not without jurisdiction of cases of the kind here involved. The action is one known as transitory, and the rule appears to be that courts anywhere will entertain jurisdiction if service may be had upon the defendant. It is true that, in most of the cases in which such jurisdiction has been exercised, one or both of the parties have been citizens of the country in which the suit is brought; but the law as stated in the cases would not seem to regard the matter of citizenship as controlling. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Railroad Co. v. Crosby, 222 U. S. 473, 32 Sup. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40; Evey v. Mexican Central Ry. Co., 81 Fed. 294, 26 C. C. A. 407, 38 L. R. A. 387; Slater v. Mexican Nat. Ry. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900; s. c., 115 Fed. 593, 53 C. C. A. 239; Stewart v. B. & O. R. R. Co., 168 U. S. 448, 18 Sup. Ct. 105, 42 L. Ed. 537.

[2] The complaint of plaintiff does not set up the law of Panama applicable to the alleged facts, nor was any evidence introduced by him with reference to the law of that country. At the conclusion of the introduction of evidence by the plaintiff, the defendant made a motion to dismiss on the ground:

That "the plaintiff had failed to prove a prima facie case; plaintiff had failed to establish by evidence the law of the republic of Panama, which was the lex loci delicti; that it was not, proved that the evidence as introduced by the plaintiff under the laws entitled him to recover against the defendant."

In Liverpool Steam Co. v. Phœnix Ins. Co., 129 U. S. 445, 9 Sup. Ct. 469, 32 L. Ed. 788, it is held:

"The rule that the courts of one country cannot take cognizance of the law of another without plea and proof has been constantly maintained, at law and in equity, in England and America."

Authorities are cited.

The rule as thus laid down is subject, in so far as pleading is concerned, to the general rules of pleading of the forum. When the lex

fori does not require other facts under like circumstances to be pleaded, the foreign law need not be pleaded as a fact.

[3, 4] As to proof of foreign laws, the general rule as stated is maintained. Like other facts, foreign laws must be proved. Certain presumptions, however, are sometimes indulged, and some limitations and modifications have been recognized. Where, for instance, the foreign country whose law is being applied is of common-law origin, the common-law country exercising jurisdiction may assume the foreign law to be the same as its own, in the absence of something indicating the contrary. Further limitations are suggested and the general law stated in Cuba R. R. Co. v. Crosby, 222 U. S. 477, 32 Sup. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40. In this case damages were sought for the loss of a hand through defect in machinery, the accident occurring in Cuba. No evidence was given as to the Cuban law, the trial judge holding that, if the law was different from the lex fori, it was for the defendant to allege and prove it. The Supreme Court says:

"It may be that, in dealing with rudimentary contracts or torts made or committed abroad, * * * courts would assume a liability to exist if nothing to the contrary appeared. * * * Such matters are likely to impose an obligation in all civilized countries. * * * With very rare exceptions, the liabilities of parties to each other are fixed by the law of the territorial jurisdiction within which the wrong is done and the parties are at the time of doing it. * * * The only justification for allowing a party to recover when the cause of action arose in another civilized jurisdiction is a well-founded belief that it was a cause of action in that place. The right to recover stands upon that as its necessary foundation. It is a part of the plaintiff's case, and if there is reason for doubt he must allege and prove it. * * * In the case at bar the court was dealing with the law of Cuba, a country inheriting the law of Spain and, we may presume, continuing it with such modifications as later years may have brought. There is no general presumption that the law is the same as the common law. We properly may say that we all know the fact to be otherwise. * * * Whatever presumption there is is purely one of fact, that may be corrected by proof. Therefore the presumption should be limited to cases in which it reasonably may be believed to express the fact."

The action in the instant case of the trial judge in his rulings with reference to the proof of the laws of Panama is defended upon the ground that the Canal Zone had been a part of the republic of Panama, and that—

"The laws of Panama, because they are the laws of that country, are the laws of the Canal Zone, and the courts of the Canal Zone have been construing those laws in the Canal Zone, and following the principles of Columbian and Panamanian jurisprudence since 1904."

It is true that the laws applicable to the territory now constituting the Canal Zone, and to the territory constituting the republic of Panama, were the same. It is not, however, true that the laws are now the same. Since 1904 changes have been made, both in the laws of Panama and the laws of the Canal Zone. If, as stated by counsel, courts of the Canal Zone have been construing the laws of Panama since 1904, it is to be assumed that they have construed them only when the laws have been properly before them as evidence.

[5] It is sought to excuse introduction of evidence of the law of Panama on the ground of familiarity of the trial judge with the juris-

prudence of that country. Familiarity of the trial judge with the facts of the case being tried before him does not render unnecessary the introduction of evidence. It is quite possible that the trial judge could have qualified as an expert in the laws of Panama; his testimony with reference thereto would, in that event, have been admissible, but he was not called upon to testify.

It appears from the answer of the defendant that part of the applicable law was contained in certain provisions of the Code of Panama and some articles of the Police Code of that country. Indeed, the trial judge stated in his charge that the plaintiff's cause of action was based upon a provision of the Panama Code which he cited. It is apparent from the statement of the trial judge, and the pleadings of the defendant and evidence offered by it, that the cause of action and the defense to it were to be governed by written provisions of the laws of Panama, and the construction given to these laws in that country.

[6] The defendant offered as a witness a practicing lawyer in the republic of Panama, who had for seven years been a justice of the Supreme Court of that republic. He was asked a question with reference to a decree, which apparently had the force of law, regulating the running of electric cars and vehicles crossing the tramway. The question was objected to, the ground of objection not being stated. The objection was sustained. The trial judge, in his charge to the jury, states that the plaintiff was not precluded from a recovery on account of the ordinance referred to, and says:

"And for this reason I prohibited Judge De la Guardia from giving his opinion as to whether or not that would preclude the plaintiff in a civil action in the republic of Panama from recovering, because that must depend upon the circumstances."

The question was doubtless objectionable in form. After this objection had been sustained, counsel for the defendant made the following tender:

"May it please the court: This is a case involving the construction and interpretation of the law of the republic of Panama. The proper construction of that law is a charge upon this court. This is a transitory action; lex loci delicti governs; the collision occurred in the republic of Panama; both parties, plaintiff and defendant, are residents of Panama and do business there; we now propose to show as a fact that by the law of Panama, and the construction of that law by the courts of last resort of that republic, one who violates the provisions of Executive Decree 163 of December, 1904, is precluded from recovery against a defendant in an action of this nature for damages. We now tender evidence to show that this plaintiff, under the law of Panama, and the construction of that law by the courts of Panama, under the facts as testified to in this case, would be precluded from recovery; and we further tender evidence of Judge Guardia to show that there is no right of action against a corporation for damages for negligence under the laws of Panama, and the construction thereof by the courts of Panama, when the employés who caused the damage were carefully instructed in their duties, and the corporation exercised due care and diligence in their employment."

The court refused to hear the evidence, stating:

"To permit the introduction of such evidence would be to delegate to this witness the right to pass upon the issues involved in this case. The plaintiff's objection is therefore sustained."

In addition to pleading the decree referred to, defendant set up as matters of defense:

"That the defendant, at all times, has exercised due care and diligence in the selection of its employés, and that all employés of said defendant company are competent and faithful servants of the defendant company, and that they had at all times used due care and diligence in the performance of the duties intrusted to them."

The tender of evidence by the defendant was responsive to its pleading, and it was entitled to at least some of the evidence tendered. Slater v. Mexican National Ry. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900.

The conclusion reached with reference to the rejection of this evidence renders it unnecessary to consider the other assignments of error. The judgment is reversed, and the cause remanded.

Reversed and remanded.