PANAMA ELECTRIC CO. v. MOYERS.

(Circuit Court of Appeals, Fifth Circuit. May 29, 1919.)

No. 3324.

1. EVIDENCE ☞37—LAWS OF REPUBLIC OF PANAMA—NECESSITY OF PROVING.
    In an action for an injury occurring in the republic of Panama, refusal to direct a verdict for defendant on the ground that no evidence was introduced of the law of Panama *held* error.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⚖═══1060(3)—IMPROPER ARGUMENT OF COUNSEL—DUTY OF
COURT.
     Argument of counsel for a plaintiff to the jury, made with the approval
     of the court, commenting on the result of a former trial, the poverty of
     plaintiff, the wealth of defendant, and other matters which could not
     properly be shown in the case, *held* prejudicial error.

In Error to the District Court of the Canal Zone; William H.
Jackson, Judge.

Action by H. G. Moyers against the Panama Electric Company.
Judgment for plaintiff, and defendant brings error. Reversed.

Stevens Ganson, of Panama, R. P., for plaintiff in error.

E. M. Robinson, of Empire, C. Z., Felix E. Porter, of Ancon, C. Z.,
and Edwin T. Merrick, of New Orleans, La., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

BATTS, Circuit Judge.   [1] Suit was instituted in the District
Court of the Canal Zone by defendant in error Moyers against the
Panama Electric Company, for injuries to an automobile, resulting
from an accident which occurred in the republic of Panama. The de-
fendant asked for an instructed verdict, based upon the fact that no
evidence was introduced of the law of the republic of Panama. Fail-
ure to give the requested charge was erroneous. Panama Electric
Co. v. Moyers, 249 Fed. 19, 161 C. C. A. 79.

[2] Attorney for plaintiff, in the argument to the jury, made use
of the following language:

"Gentlemen of the Jury: A former jury has rendered a verdict in favor of
this plaintiff for $1,000; the defendant then took advantage of a number
of technicalities, and appealed the case to the United States Circuit Court of
Appeals in New Orleans, and that court, on a pure technicality, reversed the
case, and the plaintiff, who was a poor man, has been forced to expend a
large sum of money—in all several hundred dollars—to fight this appeal.
The defendant is a rich corporation, with plenty of money, and has attorneys
employed by the year, and it, like all other large corporations, resorts to tech-
nicalities and subterfuges to keep a man like this plaintiff out of his money,
and this company is now preparing to appeal from the verdict that you will
render, and it will keep on fighting the case clear to the Supreme Court of
the United States, simply because it has plenty of money and the plaintiff has
none."

The court stated that this argument was proper, "as it dealt with
things that were matters of record in the case." The argument dealt
with matters not in the case, and which could not have been properly
in the case. It was inherently improper, it was improperly approved
by the District Judge, and it was necessarily prejudicial. The failure
of the trial judge, upon request of defendant, to instruct the jury to
disregard the remarks, was erroneous.

This is the second reversal of a judgment for plaintiff. If the
plaintiff has a case entitling him to damages, it is to be regretted that
his attorney and the court have not permitted him to have the bene-
fit of a trial in accordance with law.

The judgment is reversed.

⚖═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes