(101 South. 106)

### WATTS v. ESPY. (6 Div. 121.)

(Supreme Court of Alabama. June 19, 1924.)

**1. Witnesses 236(1)—Testimony held not to warrant question, "Did they ever come diagonally across there?"**

In action for injuries to a young woman struck by an automobile, where testimony in connection with a chart positively located plaintiff, testimony that she was "where they always go across" did not make proper the question, "Did they ever come diagonally across there?" indicating street intersection.

**2. Damages 168(2)—Plaintiff's testimony that following injury she had trouble with monthly sickness held admissible.**

Plaintiff having testified that before accident she had never had any trouble when her monthly sickness came on, her further testimony that "beginning that night I had," merely stating a periodic fact of her changed physical condition, and time thereof, was admissible.

**3. Evidence 110—Automobile driver's offer to take plaintiff home after accident held properly excluded.**

In an action for injuries to a young woman struck by an automobile, defendant having detailed the fact of the accident, the court properly excluded his testimony not offered as res gestæ, that he offered to take plaintiff home.

**4. Trial 133(6)—Argument of counsel held improper, and not cured.**

In action for injury to a young woman struck by an automobile, argument of plaintiff's counsel not to bring in a small verdict because defendant "is a popular and wealthy man," that he did not even go to see whether she was dead or alive, and "left her lying there like a dog," *held* improper, and not cured either by court's exclusion, retraction by counsel, or rebuke by the court, but discontinuance of the case should have been granted.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by Mary Espy, by her next friend, W. M. Espy, against W. A. Watts, for damages for personal injuries alleged to have been sustained when plaintiff was stricken, on a public street crossing in the city of Birmingham, by an automobile driven by defendant. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Counsel for plaintiff in argument to the jury made these remarks:

"Now don't go out here and bring in a small verdict against Mr. Watts just because he is a popular and wealthy man."

"He did not even go to see after she was hurt —to see whether she was dead or alive."

"He ran over her and left her lying there like a dog."

Separate objection and motion to exclude was made as to each of these remarks. The trial court sustained the objections and motion, and instructed the jury not to consider the improper argument. Defendant moved for a discontinuance on account of each of the improper remarks. These motions the court overruled.

Stokeley, Scrivner, Dominick & Smith, of Birmingham, for appellant.

A witness should state facts, and not opinions, inferences, or deductions drawn therefrom. 6 Michie's Ala. Dig. 426. Where argument of counsel is an appeal to race or class prejudice, it is grossly improper and highly prejudicial, and comes within that class of argument for which it may be held that neither retraction nor rebuke has not removed its sinister effect. Anderson v. State, 209 Ala. 37, 95 South. 179; Tannehill v. State, 159 Ala. 51, 48 South. 662; James v. State, 170 Ala. 72, 54 South. 494; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

John W. Altman and J. K. Taylor, both of Birmingham, for appellee.

If argument of counsel was improper, it was cured by withdrawal, and explicit and imperative instructions given immediately by the trial court. City of Huntsville v. Phillips, 191 Ala. 524, 67 South. 664; West. Ry. v. Mays, 197 Ala. 367, 72 South. 641; Lusk v. Britton, 198 Ala. 245, 73 South. 492; B. R., L. & P. Co. v. Sloan, 199 Ala. 268, 74 South. 359; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 South. 74; Thompson v. So. R. R. Co., 17 Ala. App. 406, 85 South. 591; Anders v. Wallace, 17 Ala. App. 154, 82 South. 644; Bridgeforth v. State, 16 Ala. App. 584, 80 South. 158; Patterson v. Heiss (Sup.) 110 N. Y. Supp. 1042; Birmingham R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; City of Birmingham v. Carle, 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797; N., C. & St. L. v. Crosby, 183 Ala. 237, 62 South. 889; Strafford v. Northern Pac., 95 Wash. 450, 164 Pac. 71; Pruner v. Detroit United Ry., 173 Mich. 146, 139 N. W. 48; German-American Bank v. Camery, 189 Mo. App. 542, 176 S. W. 1076; Kennedy v. Sullivan, 136 Ill. 94,

26 N. E. 382; James Smith Woolen Mach. Co. v. Holden, 73 Vt. 396, 51 Atl. 2; Comm. v. Greason, 204 Pa. 64, 53 Atl. 539.

THOMAS, J. The trial was had on a count for simple negligence and defendant's pleas in short by consent with leave to give in evidence any special defense that might be properly pleaded. The amendment striking the wanton count and for pleading in short was effected by the pleading and agreement in writing on file of date February 14, 1923.

[1] There was a diagram of the street crossing where the accident occurred that the witness McTyeire for plaintiff had referred to and indicated where the injury occurred, stating that it was where the sidewalk would have extended had the streets not intersected. Though the witness had stated, "She [plaintiff] was where they always go across," meaning across the street, this did not make proper the question, "Did they ever come diagonally across there," indicating the street intersection. The witness had testified positively where the injured child was on the crossing or street.

[2] The plaintiff, as a witness, having testified that before the injury for which suit was brought she "had never had any trouble when" her "monthly sickness came on," was asked: "Since that time, I will ask you whether or not, beginning then, and since then you have had more trouble at these periods than you ever had before;" and answered: "Beginning that night I had." Defendant interposed timely objection and moved to exclude the answer and reserved exceptions to said rulings. In this there was no error. The witness was merely stating a periodic fact of her changed physical condition and the time thereof. This was for the consideration of the jury, as shedding light upon the extent and nature of the injury she had that day sustained.

[3] The defendant, as a witness, having detailed the fact of the accident, said:

"After I stopped the car I got out and Mr. Randle also got out of the car. Mr. Randle took her by one arm and assisted her over to the hospital and I got back in my car and parked it and went on over to the hospital. I mean I got my car out of the way of the traffic."

Thereupon defendant's counsel asked the following:

"Did you offer to take her home?"

Objection being made by plaintiff, the court asked:

"Do you mean at that particular time, as a part of the res gestæ?"

And, defendant's counsel answering in the negative, the objection was sustained. De-

fendant "excepted and offered to show that defendant did offer to take plaintiff home." There was no error in the ruling and adherence thereto.

[4] The rule as to objectionable argument was given recent statement in Anderson v. State, 209 Ala. 36, 43, 44 (20), 95 South. 171, and need not be repeated. We think the language complained of should not have been indulged and was calculated to exert an improper influence on the minds of the jurors. Wolffe v. Minnis, 74 Ala. 386. The remarks of junior counsel in the concluding argument for plaintiff brought the case within the influence of the exception to the general rule as to objectionable arguments to the jury. It was grossly improper and highly prejudicial to the opposing party, and neither retraction by counsel nor its exclusion or rebuke by the trial court could destroy its sinister influence. See authorities collected in Anderson v. State, 209 Ala. 36, 44 (20), 95 South. 171. The trial court did what could be done by sustaining objections made to the same (Davis, Dir. Gen., v. Quattlebaum, 210 Ala. 483, 97 South. 701) to eradicate the influence of this argument. This was not sufficient; a discontinuance of the case should have been granted on motion made. See analogy contained in Thames v. L. & N. R. Co., 208 Ala. 255, 94 South. 487. In B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543, and B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037, arguments of this character were recognized as those for the making of which new trials should have been granted regardless of exception and motion. The fact that the wanton count had not been withdrawn per minute entry at the time of this argument (later withdrawn) did not authorize counsel to go outside of the record in statement of the fact that defendant was a popular, wealthy man, who did not go to see whether the girl was dead or alive, and left her lying there like a dog. Moreover, the evidence did show that he went to the hospital, and that he was not permitted to show he offered to take her home. The witness McTyeire testified:

"By the time I got out there the man had stopped his car and he was out there and had hold of the girl; he tried to stop it several feet before that and couldn't. I got there practically at the same time he did."

Defendant testified:

"After I stopped the car I got out and Mr. Randle also got out of the car. Mr. Randle took her by one arm and assisted her over to the hospital, and I got back in my car and parked it and went over to the hospital. I mean I got my car out of the way of the traffic."

The defendant duly moved to discontinue the cause because of said improper argument, which was overruled.

The case should be retried. The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.