**NATIONS v. HARRIS.** (7 Div. 498.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Libel and slander ⬤⟫100(6)—Plaintiff's general character with respect to matter in alleged defamation held put in issue by pleading putting in issue truth of defamatory statements.**

The general character of plaintiff with reference to the matter charged in alleged defamation, or general reputation as one of moral worth without restriction to the particular feature in respect to which her character has been assailed, is put in issue by pleading putting in issue truth of defamatory statements.

**2. Evidence ⬤⟫99.**

Relevancy of evidence will be considered from the whole evidence, as evidence may become relevant by that subsequently introduced.

**3. Libel and slander ⬤⟫110(3)—Evidence of relationship of plaintiff and another at other times and places held competent on general character of plaintiff and truth of alleged defamation, importing their habit or custom of wrongdoing.**

The nature of act charged being such as must have been committed by two, and importing a habit or custom of wrongdoing at time specified, and their close relationship and association being shown, their relationship at other

related times and places is material and competent on general character of plaintiff and truth of alleged defamatory statement.

**4. Libel and slander ⬤➾104(1)—Testimony that witness made known the facts to defendant, as limited to his good faith or malice, presents no reversible error.**

As limited to shedding light on good faith of defendant or whether he was acting in malice, testimony that witness made known the facts to him presents no reversible error.

**5. Witnesses ⬤➾372(3).**

Witness having fully declared his interest, there was no error in declining further cross-examination as to his interest.

**6. Appeal and error ⬤➾1078(4)—Assignments on trial rulings, not specifically insisted on in argument, will not be considered.**

Assignments of error predicated on rulings on evidence and requested charges, not being specifically insisted on in argument, will not be considered.

**7. Appeal and error ⬤➾207—Argument not objected to, and not of ineradicable injurious effect, is not subject for complaint.**

Argument which was not objected to, and which was not within the class, the injurious effect of which is held ineradicable, and which was to some extent provoked by argument of opposing counsel, is not subject for complaint.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by Ella Nations against T. G. Harris. From a judgment for defendant, plaintiff appeals. Affirmed.

Bailey & Weaver, of Ft. Payne, for appellant.

It was error to permit testimony going to show that plaintiff and Posey were seen up near the railroad. Phillips v. Bradshaw, 52 So. 662, 167 Ala. 206; Hereford v. Combs, 28 So. 582, 126 Ala. 369. Where the defamatory charge is limited to a specific act or crime, evidence of other similar acts is inadmissible as bearing on the truth of the charge made. 17 R. C. L. 413. Rumors and reports of plaintiff's character should not have been admitted. Webb v. Gray, 62 So. 194, 181 Ala. 408; Cook v. State, 85 So. 823, 17 Ala. App. 347. Where argument of counsel is highly prejudicial, a mild instruction by the court to the jury not to consider the argument is not sufficient to eradicate the harmful effect. Davis v. State, 103 So. 73, 20 Ala. App. 463; B. R., L. & P. Co. v. Gonzalez, 61 So. 80, 183 Ala. 275, Ann. Cas. 1916A, 543; Metropolitan L. I. Co. v. Carter, 102 So. 130, 212 Ala. 212; Anderson v. State, 95 So. 171, 209 Ala. 36; Watts v. Espy, 101 So. 106, 211 Ala. 502; Soutoula v. State, 102 So. 151, 20 Ala. App. 364.

Isbell & Scott, of Ft. Payne, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. [1-3] It is true that under the pleading there was in issue the truth vel non of the defamatory statements made by the defendant and that put in issue the general character of the plaintiff with reference to the matter charged in the alleged defamation (Phillips v. Bradshaw, 52 So. 662, 167 Ala. 199; Hereford v. Combs, 28 So. 582, 126 Ala. 369; Starks v. Comer, 67 So. 440, 190 Ala. 245), or general reputation as one of moral worth without restriction to the particular feature in respect to which the character of plaintiff has been assailed. Webb v. Gray, 62 So. 194, 181 Ala. 408. The questions, "if before that time you saw the plaintiff over there and Joe Posey associating together about the railroad up here?" and "if you have not seen them together, the plaintiff and Joe Posey, on other occasions?" were relevant as tending to establish the illicit and immoral relations of the specified parties who are named and are made the subject of inquiry by the pleading. The question of error vel non will be considered from the whole evidence as evidence may become relevant by that subsequently introduced.

It is generally true that evidence of other similar acts, not involving intent or the habit or custom of wrongdoing, is not admissible as bearing on the truth of the charge made (17 R. C. L. 413–415), yet the nature of the act or charges made being such as must have been committed by two individuals, and importing a habit or custom of wrongdoing in the premises, at the time specified, their relationship at other related times and places was material and competent evidence on general character of the plaintiff and the truth of the alleged defamatory statements. This will illustrate there was no error in the examination of the several witnesses as to the parties indicated; the other evidence having shown the close relationship and association of the sisters with Posey.

[4] The testimony of Williams that he made known the facts to Harris presented no reversible error, in that the court stated that such declarations were hearsay as proving the illicit relations charged by defendant, but such evidence was limited as shedding light or proving "only the good faith or not" of Harris, or whether he "was acting in malice." The witness was complaining to his landlord of the conduct of other tenants of Harris.

[5] The witness Rogers, a tenant of defendant, had testified to facts tending to incriminate Posey with one of the girls at the time, place, and under the circumstances in question. There was no error in declining further cross-examination of the witness as to his interest; he had fully declared his interest in the matter and under the circum-

stances indicated. However, the court gave plaintiff the right to further cross-examine the witness as to the circumstances of which he had testified, which permission was not availed of by plaintiff.

[6] There are many assignments of error predicated on rulings on introduction of evidence and rulings on requested charges that are not specifically insisted upon in argument, and will not now be considered. Georgia Cotton Co. v. Lee, 72 So. 158, 196 Ala. 599. There is no error presented in giving defendant's written charges.

[7] The argument to which objection was reserved was excluded by the court and the jury duly instructed not to consider the remarks complained or by counsel for plaintiff. The injurious effect was thus eradicated. The argument as to the humiliation of plaintiff's father, had he lived to the time of the trial, and the denunciation of Posey and commendation of Harris and the nature of his defense, were not objected to and were not within the class of cases the injurious effect of which is held to be ineradicable. Moreover, the same, to some extent, had been provoked by the opening argument of plaintiff's counsel. The well-recognized rules are stated in B. R. L. & P. Co. v. Gonzalez, 61 So. 80, 183 Ala. 275, Ann. Cas. 1916A, 543; Metropolitan L. Ins. Co. v. Carter, 102 So. 30, 212 Ala. 212; Watts v. Espy, 101 So. 106, 211 Ala. 502; Anderson v. State, 95 So. 171, 209 Ala. 36.

There was no error in ruling on the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.