(122 So. 23)
## HARTFORD FIRE INS. CO. v. ARM-STRONG.   (4 Div. 419.)

Supreme Court of Alabama.   April 11, 1929.

Farmer, Merrill & Farmer, of Dothan, for appellant.

J. N. Mullins, of Dothan, for appellee.

GARDNER, J. Appellee recovered a judgment against appellant in the sum of $85 on a fire insurance policy contract for damages to his dwelling, caused by smoke and soot from a fire originating in his oil heater. It appears from the proof that smoke and soot reached seven of the ten rooms of the dwelling and that plaintiff suffered damages thereby to his house and furniture is not questioned, though the evidence of the amount is in dispute.

The oil heater in the kitchen had two wicks, which some one had evidently turned up too high. A cord was over this heater, on which were some rags, and plaintiff's evidence is to the effect that when he reached home and discovered the smoke he found these rags burning. The contradictory evidence offered by defendant left this a jury question. Counsel for defendant insist the burning of these rags is the only fire disclosed by the proof that was beyond and outside the heater, and that plaintiff could only recover damages resulting therefrom, which would be nominal.

While the question does not appear to have been previously presented to this court, yet we fully recognize the distinction, as argued by counsel for defendant, between what is known as a "friendly" and a "hostile" fire, and that to sustain a recovery upon the policy it must appear that the damages suffered by plaintiff were the result of a hostile, as distinguished from a friendly, fire. The early English case of Austin v. Drew, 6 Taunt. 436, has been fre-

quently cited by the American courts, and with the general principle therein recognized our courts have been in accord. Hansen v. Le Mars Mut. Ins. Ass'n, 196 Iowa, 1, 186 N. W. 468, 20 A. L. R. 964, and note; Way v. Abington Mut. Fire Ins. Co., 166 Mass. 67, 43 N. E. 1032, 32 L. R. A. 608, 55 Am. St. Rep. 379; Cannon v. Phœnix Ins. Co., 110 Ga. 563, 35 S. E. 775, 78 Am. St. Rep. 124; Fitzgerald v. German-American Ins. Co., 30 Misc. Rep. 72, 62 N. Y. S. 824; Collins v. Delaware Ins. Co., 9 Pa. Super. Ct. 576; New Orleans Ry. & Light Co. v. Ætna Fire Ins. Co., 145 La. 82, 81 So. 764; O'Connor v. Queens Ins. Co., 140 Wis. 388, 122 N. W. 1038, 1122, 25 L. R. A. (N. S.) 501, 133 Am. St. Rep. 1081, 17 Ann. Cas. 1118, and note.

This general rule, found stated in Wood on Insurance, § 103, and frequently quoted in the cases, is as follows: "Where fire is employed as an agent, either for the ordinary purposes of heating the building, for the purposes of manufacture, or as an instrument of art, the insurer is not liable for the consequences thereof, so long as the fire itself is confined within the limit of the agencies employed, as from the effects of smoke or heat evolved thereby or escaping therefrom from any cause, whether intentional or accidental. In order to bring such consequences within the risk, there must be actual ignition outside of the agencies employed, not purposely caused by the assured, and these, as a consequence of such ignition, dehors the agencies."

In Collins v. Delaware Insurance Co., supra, the plaintiff's evidence tended to show that the smoke and soot causing the damage was from a coal oil stove, and was produced by the fire which was not confined to the burning of the wick, but which had extended to the tank and enveloped the stove. The court, in discussing the above-quoted rule by Mr. Wood, said: "The rule as stated in Wood on Fire Insurance, 'that there must be actual ignition outside of the agencies employed,' is not subject to criticism when properly understood. We cannot, however, assent to the proposition that, if there was no ignition, except in or on the stove, there was no fire within the meaning of the policy. The fuel was oil and was intended to be consumed in a particular place, namely, by the wick fed from a tank in which the oil was kept. It was no more intended to be burned in the tank than in the barrel or the can in which it was brought to the house and kept." The conclusion of the court is well expressed in the following summary: "If, therefore, the smoke that did the damage proceeded from a fire 'out of place,' it is no answer to say that this originated in a fire in the place fitted and intended for it."

A like distinction was made by the Massachusetts court in Way v. Abington Mut. Fire Ins. Co., supra, in the following language: "We are inclined to the opinion that a distinction should be made between a fire intentionally lighted and maintained for a useful purpose in connection with the occupation of a building, and a fire which starts from such a fire without human agency in a place where fires are never lighted nor maintained, although such ignition may naturally be expected to occur occasionally as an incident to the maintenance of necessary fires, and although the place where it occurs is constructed with a view to prevent damage from such ignition. A fire in a chimney should be considered rather a hostile fire than a friendly fire, and as such, if it causes damage, it is within the provisions of ordinary contracts of fire insurance."

We think a reading of the authorities hereinabove cited and those found in the note to Hansen v. Le Mars Ins. Co., supra, demonstrate that the language of the rule stated in Wood on Insurance is to be understood and interpreted as above outlined.

■ If, therefore, under this rule the smoke and soot were produced from a fire "out of place," it is no answer to a suit on the policy that it originated in a fire in the place fitted and intended for it. When being "out of place," it is a hostile fire, and damage suffered in consequence thereof is within the protection of the policy.

■ Plaintiff testified that the "heater had oil and grease on it, and dust, and * * * was aflame all over. * * * I found those rags burning above that stove, afire. It was just a great mass of flames around the hot-water heater. The hot-water heater is two burners and about three feet from the floor to the top of the drum of the heater. It is just two wicks, about two inches in diameter, and the drum around I guess two feet in diameter or two and a half feet. It was all aflame all over."

This evidence brings the case within the influence of the Collins Case, supra (here much in point), and the principle recognized in the authorities above noted. If the heater was "aflame all over," the fire was burning out of place, and was a "hostile" fire, without regard to the burning of the rags above the heater. Defendant's evidence tended to contradict plaintiff upon this point, and the facts were for the jury's determination. The trial court correctly distinguished in his oral charge a friendly and a hostile fire, and by illustration instructed the jury upon this question, so there could be no misunderstanding on their part—further instructing them, if they were unable from the evidence to determine separately the damages suffered from a friendly and a hostile fire, plaintiff could recover nominal damages only. From plaintiff's standpoint, as noted from his evidence, the fire was a hostile, and not a friendly, fire, and his evidence sufficed for a determination by the jury that he sustained substantial damages by reason thereof. The charges,

therefore, seeking to confine plaintiff's recovery to nominal damages only, were properly refused.

■ From what has been said, it will appear as our view that the affirmative charge was properly refused, and that the portion of the oral charge to which exception was reserved, when read in the light of the entire charge, was free from error.

As we have previously noted, the argument of appellant rests upon the assumption that the only evidence of a hostile fire was the burning of the rags, but this argument overlooks the evidence of plaintiff, above noted, that the heater was aflame all over. A number of refused charges ignored the evidence tending to show the heater was itself on fire, and others rested upon the assumption that the only evidence of a hostile fire was that as to the burning rags. They were properly refused.

As has been stated, the oral charge fully and correctly covered the issues in the case, and the law applicable thereto, and what has been said suffices to show no error in the refusal of charges without a necessity of separate treatment of each charge. There was no error in permitting the introduction of the policy sued upon, and plaintiff also properly proved the damages claimed.

■ The questions propounded by defendant to plaintiff, to which objections were interposed and sustained (assignments of error 10 and 11), were proper, and should have been allowed. They called for admission on plaintiff's part that, in his statement to the insurance adjuster and the agent, plaintiff had made no mention of any fire other than the fire coming from the lamp as it burned, and not otherwise. In view of the issues of fact for the determination of the jury, as above noted, these questions related to relevant and material evidence—admissions by plaintiff contrary to his present insistence and his testimony in the cause. 22 C. J. 231, 232; Ewart v. Cunningham (Ala. Sup.) 122 So. 359,[1] present term; 6 Michie Digest, 198–200; Jones v. Coley (Ala. Sup.) 121 So. 24,[2] present term. These rulings constitute error to reverse.

■ The argument of counsel, objected to by defendant (assignments 15 and 16), was in each instance highly improper and has frequently met the condemnation of this court with particular reference to the argument constituting the sixteenth assignment of error relating to the financial status of defendant company. Some of our cases, dealing with arguments of this latter character, are American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Jackson Lumber Co. v. Case, 199 Ala. 536, 74 So. 469; Alabama Fuel & Iron Co. v. Andrews, 212 Ala. 336, 102 So. 799; Thames v. Louisville & N. R. Co., 208 Ala. 255, 94 So. 487; Watts v. Espy, 211 Ala. 502, 101 So. 106;

Milton v. State, 213 Ala. 449, 105 So. 209; Nations v. Harris, 214 Ala. 339, 108 So. 29; Standridge v. Martin, 203 Ala. 486, 84 So. 266.

These authorities disclose that, notwithstanding objection thereto is sustained, yet if the court is not persuaded all prejudicial effect has been eradicated, reversal will nevertheless follow, the question being here properly presented. Upon this question no horizontal rule is established, each case resting upon its own particular facts and circumstances. Much will depend upon the issues, the parties, and general atmosphere of the particular case. In the instant case, no necessity arises for determination of this question, as the cause is reversed for rulings on evidence as above indicated, and the question doubtless not be again presented.

For the error indicated, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

