JANVIER, Judge.
The intersectional collision, from which this case results, could not have occurred had the operator of either of the contending vehicles exercised the slightest care, or paid the least attention to what was going on about him.
The accident occurred at about 6:50 o’clock in the evening, on July 13, 1949, at the intersection of Ursuline Avenue and Galvez Street, in New Orleans. At that point Ursuline Avenue is a rather wide thoroughfare, having two paved driveways separated by a narrow neutral ground, and Gravier Street is a single driveway street on which traffic proceeds in both directions.
It was raining at the time, or had been raining shortly before the occurrence.
The 1931 Model-A Ford truck of plaintiff was on its way out the lower side of Ursuline Avenue, going in the direction away from the Mississippi River, and, at the corner of Galvez Street and facing plaintiff, was an electric traffic signal *342 which “blinked” yellow intermittently. It was not one of those well known lights which changes from green to amber and then to red and back again. Also facing plaintiff to his right and on the sidewalk of Ursuline Avenue, at about 50 feet from the corner of Galvez Street, was a traffic signal which read “Slow — 15 MPH— corner”. This sign may have been obscured by blooming crepemyrtle bushes which were on the sidewalk.
Defendant, Ventura, was driving his “brand” new Lincoln Cosmopolitan automobile on Galvez Street in a downtown direction, that is, from Canal Street towards Esplanade Avenue.
The same “blinker” traffic light which “blinked” yellow towards the plaintiff, “blinked” red towards the defendant, Ven-tura, and to Ventura’s right, on the sidewalk of Galvez Street and a short distance from the corner of Ursuline Avenue, was a “stop” sign.
The collision occurred in the lower roadway of Ursuline Avenue, and it is certain that the truck of plaintiff struck the sedan of defendant 'on its right side near the rear wheel.
Plaintiff charges that defendant was at fault in failing to stop before entering the intersection; in failing “to obey the red blinker signal,” and in failing to accord plaintiff the right-of-way.
Defendant, Ventura, admits the occurrence of the accident, but denies that there was any fault on his part, and he avers that if he was at fault in any particular, the proximate cause of the accident was the negligence of plaintiff in failing to notice that defendant’s car had already entered the intersection, and in failing to bring his car to a stop or reduce its speed sufficiently to avoid the collision.
The district judge found that the defendant, Ventura, had entered the intersection first “and had preempted the lower roadway of Ursuline Avenue.” But he also found that Ventura had not been “as observant as he should have been.” The district judge further found, however, that “on the other hand, * * * Williams should have been on the alert for traffic proceeding to 'Galvez Street, and decreased his speed * * and that “had he done so, * * * the accident would not have taken place.” We have no doubt at all of the correctness of those findings.
Williams admits that as he approached the corner at 15 miles an hour, he looked to his left and saw the Ventura car. He says that, at that time, it was about 15 feet on the other side of the stop sign which faced it. In view of the caution signal which was ■ facing Williams and, in fact, even had there been no such signal, he should not have proceeded into the intersection without being reasonably certain that the approaching Ventura car had reduced its speed, or had stopped— in other words, without being reasonably certain that it was safe for him to enter the intersection.
We think that he did not look to see if the other car was in or was approaching the intersection, and we think that he did not reduce his speed as he entered. We say this because the evidence shows that when he noticed that the other car was crossing in front of him, he swerved his truck to the right and almost completely reversed its direction so that it mounted-the curb, crossed the sidewalk and crashed into an iron fence which was on the corner. His truck struck this fence with such force-that, according to Father Reynolds, a priest who arrived very shortly after the accident, it required considerable effort the-next day to straighten the fence, and it also required “a couple of men and the-police” and “a good deal of time to get the bumper off the wheel” so that the Ford-could be driven away.
We repeat that this accident could not have occurred had either driver exercised, the slightest care.
The judgment appealed from is affirmed, at the cost of appellant.
Affirmed.