**NEW AMSTERDAM CASUALTY CO.,**
**Appellant,**

v.

**Mrs. Lura Mode HARRINGTON,**
**Appellee.**

**No. 17835.**

United States Court of Appeals
Fifth Circuit.

Jan. 19, 1960.

Carl J. Schumacher, Jr., New Orleans, La., Lemle & Kelleher, New Orleans, La., of counsel, for appellant.

L. B. Ponder, Jr., Amite, La., for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This action arose out of an automobile collision on July 7, 1956, at an uncontrolled intersection in Covington, Louisiana. The accident occurred at eleven in the morning. The plaintiff-appellee, Mrs. Lura Mode Harrington, was driving north on State Highway No. 21 that goes from Madisonville to Covington but is known as Tyler Street in residential Covington. The insured, Mrs. Katherine M. Favrot, was approaching from the south on 17th Street at its intersection with Tyler Street. Consequently, Mrs. Harrington was approaching from Mrs. Favrot's right. The two automobiles collided at the intersection. The Harrington car was damaged on the left side and the left front.

After all the evidence was submitted at the trial, counsel for the insurer admitted negligence on the part of Mrs. Favrot but asserted the contributory negligence of Mrs. Harrington as a defense. The insurer's motion for a directed verdict was denied. The jury returned a verdict for Mrs. Harrington for $6,000. The trial court entered a judgment on the verdict and refused to grant a new trial or a remittitur. We affirm.

On this appeal the insurer assigns four errors. Two of these merit discussion.

### I.

Failure to reprimand counsel for improper argument and failure to instruct the jury to disregard improper arguments.

This suit was brought under the Louisiana Direct Action Statute against two liability insurers. LSA–R.S. of 1950, 22:655. No issue of liability insurance coverage was involved. The issue was simply one of negligence. Nevertheless, several times during his summation to the jury the plaintiff's counsel referred to liability insurance coverage; for example:

"We have no axe to grind with Mrs. Favrot. * * * That is why we have insurance. Insurance is to cover the damages that a negligent motorist does. Insurance is to pay the damages that * * *."

Counsel for the insurer objected to the argument as prejudicial. The trial judge stated:

"Just a minute, please. I think that if we stick to the question of negligence, we won't get into these side issues of insurance.

"The Defendants in this case are insurance companies, but the jurors will remember that the insurance companies are liable in law only if their assureds were the negligent, proximate cause of the accident.

"Let's proceed."

Other parts of the jury argument of plaintiff's counsel are complained of as being prejudicial to insurers:

"Money is the cheapest thing on earth today. * * * Well whose fault is this? Mrs. Favrot's fault. It is not out of her pocket. That is what she is insured for."

"And I will tell you ladies and gentlemen, that pain, disability, permanent disability, is a very serious item of damages. That is what we carry insurance for. Since insurance has been made available, I carry one hundred–two hundred thousand dollars at all times, just to protect my family, and I say to you gentlemen and ladies of the jury that you are the custodian of the insurance premiums in sitting as a juror, that you can decide to pay them in an amount that will sufficiently and adequately compensate a plaintiff."

There was no objection by the counsel for the insurer to the latter part of this argument. The judge's charge to the jury contained no instructions to disregard the improper argument of plaintiff's counsel. The insurer now contends that the argument was for the sole and improper purpose of creating prejudice against the insurer.

 The insurer cites a number of cases to support the contention that the improper remarks constituted prejudicial error calling for reversal.[1] We consider the cases from other jurisdictions than Louisiana inapplicable.[2] Louisiana oc-

---

1. Theriot v. Mercer, 5 Cir., 1959, 262 F. 2d 754, certiorari denied 359 U.S. 983, 79 S.Ct. 941, 3 L.Ed.2d 933; Panama Electric Co. v. Moyers, 5 Cir., 1919, 259 F. 219; Hartford Fire Insurance Co. v. Armstrong, 1929, 219 Ala. 208, 122 So. 23; Life & Casualty Insurance Co. v. Cain, 1928, 217 Ala. 301, 116 So. 154; Alberts v. Lytle, 1934, 1 Cal.App. 2d 682, 37 P.2d 705; Tampa Transit Lines v. Corbin, Fla.1952, 62 So.2d 10; Anderson v. Hawthorne Fuel Co., 1938, 201 Minn. 580, 277 N.W. 259.

2. Even if the cases from states other than Louisiana are deemed applicable, they do not adequately support the insurer's con-tention that the remarks about insurance constitute reversible error. In the Hartford Insurance case counsel made an improper remark on the financial status of the defendant insurer. The appeal court did not even reach the question of whether it was reversible error for the case was reversed on other grounds. In the Life & Casualty Insurance case there was an improper remark that insurance companies are the richest people in this country. The remark was cured by the court's instruction to disregard it, so it was not reversible error. In Alberts v. Lytle there was a reference to the defendant as a "big, rich corporation".

cupies an unusual position in that the Direct Action Statute allows a suit directly against the insurer without first establishing the liability of the insured. Remarks to a jury, therefore, that might be objectionable in other states, because of counsel's reference to insurance, are not necessarily prejudicial in a suit based on the Louisiana Direct Action Statute.

Neither party has cited any Louisiana cases in which it has been held that references to the insurer in a summation to the jury constitutes reversible error, and independent research by the court has failed to disclose any such cases. There are two cases relied on by the insurer in which this Court reversed a judgment because of improper remarks by the plaintiff's counsel to the jury. Theriot v. Mercer, 5 Cir., 1959, 262 F.2d 754, certiorari denied 359 U.S. 983, 79 S.Ct. 941, 3 L.Ed.2d 933; Panama Electric Co. v. Moyers, 5 Cir., 1919, 259 F. 219. In Theriot the reference of plaintiff's counsel to defendant's having insurance was only a minor point in the case. Although in that case we held this appeal to the passion of the jury was improper we did not indicate that this improper remark, standing alone, constituted reversible error. In the present case no prejudicial hearsay testimony was admitted, as in Theriot. In Panama Electric the judgment for the plaintiff was reversed for two reasons: (1) no evidence of the laws of Panama was introduced; (2) the argument of plaintiff's counsel was improper. The improper argument consisted of the following language:

"Gentlemen of the Jury: A former jury has rendered a verdict in favor of this plaintiff for $1,000; the defendant then took advantage of a number of technicalities, and appealed the case to the United States Circuit Court of Appeals in New Orleans, and that court, on a pure technicality, reversed the case, and the plaintiff, who was a poor man, has been forced to expend a large sum of money—in all several hundred dollars—to fight this appeal. The defendant is a rich corporation, with plenty of money, and has attorneys employed by the year, and it, like all other large corporations, resorts to technicalities and subterfuges to keep a man like this plaintiff out of his money, and this company is now preparing to appeal from the verdict that you will render, and it will keep on fighting the case clear to the Supreme Court of the United States, simply because it has plenty of money and the plaintiff has none."

It is a question of degree, but to our way of thinking the language of the argument in Panama Electric was far more extreme and prejudicial than the improper statements in the present case.

■■ Taken at their worst, the statements informed the jury that if Mrs. Harrington proved her case it would be the insurer and not Mrs. Favrot who would pay the amount of the judgment. This was not news to the jury. In a suit under the Direct Action Statute the insurer is named as the defendant, appears in court to defend the case, and is a party litigant in every sense of the word.

When the insurer objected to counsel's first reference to insurance the trial judge properly admonished plaintiff's counsel to "stick to the question of negligence". Moreover, the record shows that the insurer did not object to the

This was not reversible error because the trial judge admonished the counsel to stick to the issue and charged the jury to disregard any statement of counsel not supported by the evidence. In the Tampa Transit Lines case there were numerous highly prejudicial remarks. The judgment for the plaintiff was reversed but the first ground given for the reversal was an erroneous instruction as to the application of res ipsa loquitur to the case. Only in the Anderson case did prejudicial remarks, standing alone, constitute reversible error. The frequent references to the unequal financial status of the parties was a flagrant abuse, and the court, with three judges dissenting, reversed and ordered a new trial.

other allegedly improper remarks of plaintiff's counsel and did not request instructions that the remarks be disregarded. On the contrary, counsel for the insurer elected to explain to the jury that insurance money comes from the insurance buying public. The trial judge's charge to the jury made it clear that the crucial issue in the case was one of negligence. Further, he instructed the jury to distinguish between mere arguments of counsel and the evidence upon which those arguments rest.

■ Courts are reluctant to set aside a verdict because of improper remarks of counsel.[3] In the words of the Sixth Circuit, "The power to set aside [a] verdict for misconduct of counsel should be sparingly exercised on appeal." Twachtman v. Connelly, 6 Cir., 1939, 106 F.2d 501, 509. Although the remarks of plaintiff's counsel are not sanctioned by this court, in this case they did not constitute reversible error.

## II.

Failure to charge the jury as requested by the insurer.

■ Mrs. Harrington was driving on the favored street. There is evidence al-

so that she preempted the right of way by entering the intersection first in a lawful manner. In any event she had the right of way by virtue of LSA–R.S. of 1950, 32:237, which provides:

"A. When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have."

The insurer complains of the trial judge's refusal to give requested instructions[4] that the motorist having the right of way nevertheless has a duty to slow down and look both ways before entering an intersection. Mrs. Harrington contends that the motorist having the right of way when crossing an intersection may assume that an approaching vehicle will stop and yield the right of way. There are cases for both sides of the argument.[5]

■ We hold that the insured in this case has no cause for complaint. In essence, the instructions that were grant-

3. Thomson v. Boles, 8 Cir., 1941, 123 F.2d 487, certiorari denied 315 U.S. 804, 62 S.Ct. 632, 86 L.Ed. 1204, citing Chicago & N. W. Ry. Co. v. Kelly, 8 Cir., 1934, 74 F.2d 31; Twachtman v. Connelly, 6 Cir., 1939, 106 F.2d 501; Maryland Casualty Co. v. Kelly, 4 Cir., 1930, 45 F.2d 788.

4. "A motorist on a street which has the right of way has a duty to reduce his speed before entering an intersection so as to enable him to properly observe the intersecting streets in both directions, and to minimize the dangers inherent in intersections. If you find that the plaintiff approached the intersection at such a speed that she was unable to properly observe the intersecting street in both directions before entering the intersection, and at such a speed that was unreasonable under the circumstances—taking into consideration that motorists are charged with knowledge that intersections are a place of danger, that there was no traffic control at the intersection of 17th and Tyler Streets—and that her failure to so

reduce her speed contributed to the accident, you shall render a verdict for the defendant. (Cases omitted)"

"A motorist on a right of way street is under a duty to look both right and left at an intersection before entering an intersection. If you find that the plaintiff failed to look to the left before she entered the pertinent intersection, and that her failure to so look contributed to the accident, you shall render a verdict for the defendant. (Cases omitted)."

5. For cases supporting the insurer's contention see Kohlmann v. City of New Orleans, La.App., 1955, 79 So.2d 400; Comeaux v. Blanchet, La.App., 1954, 69 So.2d 527; Scheib v. Leidet, LaApp. 1952, 57 So.2d 814; Williams v. Ventura, La.App., 1951, 54 So.2d 341. For cases supporting Mrs. Harrington's contention see Commercial Credit Corp. v. Serpas, La.App., 1957, 94 So.2d 83; Brashears v. Tyson, La.App., 1956, 86 So.2d 255; McMorris v. Webb, La.App., 1953, 67 So. 2d 146; Phares v. Courtney, La.App., 1946, 27 So.2d 925.

ed [6] embodied the same principles of law requested in the refused instructions. The jury was instructed that if the motorist having the right of way fails to look both ways or enters the intersection at an excessive rate of speed, he forfeits the right of way; and a verdict should be returned for the defendant insurer. In view of these instructions and the record, there was a sufficient basis for the jury to infer that Mrs. Harrington was driving at a moderate rate of speed and that as she entered 17th Street she looked both to the left and to the right. There is no error here.

The judgment for the plaintiff is affirmed.

6. "Number 3 requested by the Defendant: A motorist traveling on a right-of-way street who fails to observe in both directions of the intersecting street, and who enters the intersection at a speed in excess of that dictated by the circumstances forfeits the right-of-way.

"Number 4 requested by the Defendant: If you find that the Defendant's insured was negligent and that the Plaintiff's contributory negligence in entering the intersection at a speed in excess of that dictated by the circumstances, and in failing to observe to the left before entering the intersection, you shall return a verdict for the Defendant."